JOURNAL ENTRY AND OPINION
{¶ 1} A.F. appeals from an order of Juvenile Court Judge Janet Burney that adjudged him delinquent on the offense of attempted rape and sentenced him to one year in Ohio Department of Youth Services, ("ODYS"). He claims reversible error because the juvenile court failed to supply a complete record of the proceedings for this appeal. We reverse and remand.
 {¶ 2} From the record we glean the following: Fourteen-year-old P.M. was serving time at a Youth Development Center ("YDC") in Hudson, Ohio, and shared a room with three other boys. Around 10:00 p.m. on July 18, 2002, Youth Leader Edna Caldwell was making nightly rounds when she heard someone, later identified as P.M., scream. She immediately entered the room and found P.M. sitting on the edge of his bed, naked and crying. She and a colleague wrapped him in a blanket and took him from the room. He told her that two boys held him down and removed his clothes while A.F. grabbed a rod from a mini-blind and raped him.
 {¶ 3} A delinquency complaint was filed against then fifteen-year-old A.F. charging him with one count of an offense that would be rape under R.C. 2907.02,[1] and a second count of attempted rape.[2] Trial began on October 15, 2002, before Magistrate William Fraunfelder, and the prosecution presented two witnesses: J.M., one of the roommates on the night of the incident, and Ms. Caldwell. The victim was unavailable because he had been released from YDC and the trial was continued until November 14, 2002. Although the record on appeal lacks the transcript of the November 14th adjudicatory hearing, the court docket and the parties' briefs indicate the trial continued as scheduled. The rape charge was dismissed on a Crim.R. 29 motion, and A.F. was adjudged delinquent on the count of attempted rape.
 {¶ 4} A dispositional hearing was later conducted before Judge Burney who adjudged him delinquent on one count of attempted rape and sentenced him to one year in ODYS.
 {¶ 5} A.F. sets forth a single assignment of error which states:
The trial court committed reversible error by failing tocomply with the mandates of juvenile rule 37 when it failed tosupply a complete record of appellant's adjudicatory proceeding.
 {¶ 6} A.F. argues that the unavailability of the November 14, 2002, transcript precludes our meaningful review and mandates reversal. We agree. The preservation of juvenile court proceedings are governed by Juv.R. 37 which states:
Record of Proceedings
 The juvenile court shall make a record of adjudicatory anddispositional proceedings in abuse, neglect, dependent, unrulyand delinquent cases; and proceedings before magistrates. In allother proceedings governed by these rules, a record shall be madeupon request of a party or upon motion of the court. The recordshall be taken in shorthand, stenotype, or by any other adequatemechanical, electronic or video recording device.
 {¶ 7} This court has consistently held that the juvenile court's failure to follow the requirements of Juv.R. 37, as amended July 1, 1996, mandates reversal.[3]
 {¶ 8} The state contends that A.F. should have filed an App.R. 9(C) statement for the portion of the missing transcript.
 {¶ 9} This issue was addressed in In re Hart which stated:
"This court is now called to balance the appellant's dutyunder App.R.9 to see that the record, including the transcript,is filed with the appellate court and the court's duty to providefor the recording of the transcript pursuant to Juv.R. 37(A).Although in Miller, supra, [Miller held indigent parent has aconstitutional right to a transcript] turned on the question ofindigency, the basic principles are applicable to the case subjudice. * * * The appellate rule does not absolve the trial courtfrom complying with the rules of procedure and recording ahearing in the first place."
 {¶ 10} We find that App.R. 9(C) does not excuse an obligation to provide a complete record as required under Juv.R. 37.
 {¶ 11} The judgment is reversed and the cause is remanded.
McMonagle and Rocco, JJ., concur.
It is ordered that appellant recover of appellee its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] The first count was later dismissed with prejudice.
[2] R.C. 2907.02, R.C. 2923.02.
[3] See In re B.E. (July 24, 2003), Cuyahoga App. No. 81781, 2003-Ohio-3949; In re Garcia (Apr. 12, 2001), Cuyahoga App. No. 78153; In re Henderson (Mar. 8, 2001), Cuyahoga App. No. 76695, 2001-Ohio-4122; In re Clayton (Nov. 9, 2000), Cuyahoga App. No. 75757; In re Mason (July 13, 2000), Cuyahoga App. No. 76532;In re Goff (June 12, 1999), Cuyahoga App. No. 75328; In reCollins (1998), 127 Ohio App.3d 278, 712 N.E.2d 798; In reWard (June 12, 1997), Cuyahoga App. No. 71245; In re Hart
(Dec. 9, 1999), Cuyahoga App. No. 75326; In re McAlpine (Dec. 3, 1998), Cuyahoga App. No. 74256; In re Solis (1997),124 Ohio App.3d 547, 706 N.E.2d 839.