DECISION AND JUDGMENT ENTRY
{¶ 1} Larry M. Bostwick appeals the judgment of the Ross County Court of Common Pleas, Juvenile Division, adjudicating him delinquent and committing him to the legal custody of the Ohio Department of Youth Services ("DYS") for a minimum term of one year. Bostwick contends that the trial court committed reversible error when it failed to appoint a guardian ad litem to protect his best interests when there was a conflict of interest between him and his father, Max Bostwick ("Father"). Because we find that Father made statements against Bostwick's penal interest at his arraignment, we conclude that the trial court abused its discretion by failing to either: (1) appoint a guardian ad litem; or (2) make further inquiry into whether a guardian ad litem was necessary. Bostwick also contends that the trial court's judgment was against the manifest weight of the evidence, and that his trial counsel's failure to file proper objections to the magistrate's order deprived him of his right to effective assistance of counsel. Our resolution of Bostwick's first assignment of error renders these arguments moot. Therefore, we do not address them. Accordingly, we sustain Bostwick's first assignment of error, reverse the trial court's judgment and remand this cause for further proceedings consistent with this decision.
 I. {¶ 2} On September 21, 2004, a Ross County Sheriff's Deputy filed a complaint in the Ross County Court of Common Pleas, Juvenile Division, alleging that Bostwick was a delinquent child because he committed an act in violation of R.C. 2907.02. The alleged offense would constitute rape if committed by an adult.
 {¶ 3} Bostwick appeared at his arraignment with Father and counsel. On November 3, 2004, the magistrate conducted an adjudicatory hearing and found Bostwick delinquent. After conducting a dispositional hearing, the magistrate committed Bostwick to the legal custody of DYS for institutionalization in a secure facility for a minimum period of one year and a maximum period not to exceed his attainment of the age of twenty-one years. The trial court then journalized an entry that was identical to the magistrate's order in all material respects.
 {¶ 4} Thereafter, Bostwick filed an objection to the magistrate's order. Noting that Bostwick failed to support his objection with a transcript of the proceedings or an affidavit of the evidence as required by Juv.R. 40, the trial court overruled Bostwick's objection and approved the magistrate's order as an order of the court.
 {¶ 5} Bostwick timely appeals, raising the following assignments of error: "I. The trial court committed reversible error when it failed to appoint a Guardian Ad Litem in violation of Ohio Revised Code Section2151.281(A) and Juvenile Rule 4(B). II. The trial court violated Larry Bostwick's right to due process when it adjudicated him delinquent of rape when that finding was against the manifest weight of the evidence. III. Larry Bostwick was denied his constitutional right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution when his attorney failed to file proper objections to the Magistrate's Order.
 II. {¶ 6} In his first assignment of error, Bostwick contends that the trial court erred by failing to appoint a guardian ad litem to represent his best interest when there was a conflict of interest between Bostwick and his Father. For the following reasons, we agree.
 {¶ 7} R.C. 2151.281(A) provides, in relevant part: "The court shall appoint a guardian ad litem to protect the interest of a child in any proceeding concerning an alleged or adjudicated delinquent child or unruly child when either of the following applies: * * * (2) The court finds that there is a conflict of interest between the child and the child's parent, guardian, or legal custodian. Additionally, Juv.R. 4(B) provides: "The court shall appoint a guardian ad litem to protect the interests of a child or incompetent adult in a juvenile court proceeding when: * * * (2) The interests of the child and the interests of the parent may
conflict[.]" (Emphasis added.)
 {¶ 8} The plain language of the rule contemplates that the mere possibility that interests of the parent and child "may conflict" will suffice to make the appointment of a guardian ad litem mandatory. However, "the juvenile court is in the best position to weigh the relevant facts in determining whether a potential conflict of interest exists between the parent and child." Spradlin, supra, at 407, citing Inre Sappington (1997), 123 Ohio App.3d 448, 453-454, citing Trickeyv. Trickey (1952), 158 Ohio St. 9, 13. In the context of a delinquency proceeding, a parent's speaking out against the child's penal interest raises a colorable claim of conflict. In re Howard (1997),119 Ohio App.3d 201, 207. That colorable claim of conflict requires a "thorough inquiry" by the juvenile court to determine whether a conflict of interest exists such that the court must appoint a guardian ad litem. Id. A court's failure to appoint a guardian ad litem when these mandatory provisions require such an appointment constitutes reversible error. In reSpradlin (2000), 140 Ohio App.3d 402, 406, citing In re Howell
(1991), 77 Ohio App.3d 80, 92.
 {¶ 9} We review a trial court's decision whether to appoint a guardian ad litem for abuse of discretion. Spradlin at 407, citing Sappington at 454. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Therefore, our resolution of Bostwick's first assignment of error turns on whether the record below "reveals a strong enough possibility of conflict of interest" between Father and Bostwick to show that the trial court abused its discretion by: (1) failing to appoint a guardian ad litem (Sappington at 454); or (2) failing to make further inquiry into whether a guardian ad litem was necessary (Spradlin at 407; In reSlider, 160 Ohio App.3d 159, 2005-Ohio-1457, at ¶ 25.)
 {¶ 10} Here, Father appeared at Bostwick's arraignment and had the following exchange with the court:
 {¶ 11} Magistrate: Mr. Bostwick, do you have any statement you wish to make regarding your son's custody?
 {¶ 12} Father: Uh . . . I think he's better off where he's at.
 {¶ 13} Magistrate: Well, in light of the charge . . .
 {¶ 14} Father: He don't want to do nothing . . .
 {¶ 15} Magistrate: . . . the seriousness of . . .
 {¶ 16} Father: . . . but argue with me. Uh . . . fleed from me yesterday. And he didn't come home Sunday night. And . . .
 {¶ 17} Magistrate: Okay.
 {¶ 18} Father: . . . I told him I was coming over to pick him up to take him to the Sheriff's Department. He left where he was at so I couldn't pick him up.
 {¶ 19} Immediately following Father's statements, the magistrate ordered that Bostwick remain in the custody of the Sheriff's Department at the Juvenile Detention Center. Therefore, we conclude that Father's statements at Bostwick's arraignment constitute statements against Bostwick's penal interest sufficient to invoke the court's duty to make a thorough inquiry into whether a conflict of interest exists between Father and son. However, our review of the record reveals that the court made no effort to inquire about the apparent conflict of interest evidenced by Father's statement, let alone a thorough inquiry.
 {¶ 20} We acknowledge that trial courts are usually in a better position to weigh the facts and determine whether a conflict of interest exists between a parent and child. However, in light of Father's statements against Bostwick's penal interest, we believe that the record reveals a strong enough possibility of a conflict of interest to demonstrate that the trial court abused its discretion by failing to appoint a guardian ad litem or to make further inquiry into whether a guardian ad litem was necessary. Spradlin, supra, at 407; Slider, supra, at 25. Accordingly, we sustain Bostwick's first assignment of error, reverse the trial court's judgment, and remand this cause for further proceedings consistent with this decision.
 {¶ 21} Our resolution of Bostwick's first assignment of error renders his remaining assignments of error moot. Accordingly, we do not address them here. See App.R. 12(B)(1)(c).
JUDGMENT REVERSED AND CAUSE REMANDED.