JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, G.W., appeals the juvenile court's decision to commit him to the Ohio Department of Youth Services ("ODYS"). Finding merit to the appeal, we reverse and remand.
 {¶ 2} In May 2000, G.W., as a minor, was charged by complaint with one count of assault — a fifth degree felony if committed by an adult — and one count of aggravated menacing — a first degree misdemeanor if committed by an adult. In July 2000, the court scheduled an arraignment, the results of which are "unknown," according to an entry on the docket.
 {¶ 3} In May 2001, the court entered its order from the adjudication hearing. Although a hearing was held, no audiotape or transcript of that hearing exists. The adjudication entry shows that the State amended count two of the complaint from aggravated menacing to menacing, a fourth degree misdemeanor. The entry also shows that G.W. entered an admission to each allegation in the complaint; however, the entry fails to set forth what the allegations were. G.W. was adjudicated a delinquent and placed on probation.
 {¶ 4} In September 2005, the juvenile court found that G.W. violated a court order. Prior to disposition, G.W. denied that he had pled to a felony-level offense, and thus he claimed he was ineligible for commitment to ODYS. Nevertheless, the court ordered that he be committed to ODYS for a minimum of six months, but up to a maximum commitment until his twenty-first birthday.
 {¶ 5} G.W. appeals, raising two assignments of error.
 Violation of Juv.R. 37 and 40 {¶ 6} In his first assignment of error, G.W. argues that the juvenile court erred when it failed to create a complete record in violation of Juv.R. 37 and 40, which require that all juvenile proceedings be recorded in their entirety.
 {¶ 7} Juv.R. 37(A) provides:
"Record of proceedings. The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates. * * * The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or video recording device."
 {¶ 8} In the event that the record is incomplete or unavailable, App.R. 9(C) permits the appealing party to prepare a statement of the evidence or proceedings to permit proper appellate review.
 {¶ 9} The Ohio Supreme Court held that "when a juvenile court fails to comply with the recording requirements of Juv.R. 37(A) and an appellant attempts but is unable to submit an App.R. 9(C) statement to correct or supplement the record, the matter must be remanded to the juvenile court for a rehearing." In re: B.E.,102 Ohio St.3d 388, 2004-Ohio-3361, 811 N.E.2d 76.
 {¶ 10} In the instant case, it is undisputed that the juvenile court failed to comply with Juv.R. 37(A). Moreover, G.W. argues that although he attempted to file an App.R. 9(C) statement, he could not obtain one because his current counsel was not his counsel for the adjudication hearing. He claims that he attempted to contact his counsel who represented him at the adjudication hearing, but his attempts were unsuccessful. Furthermore, he argues that he is unable to recall what occurred at the adjudication hearing, but denies that he pled to a felony-level offense. Therefore, G.W. contends that the matter must be remanded for a new adjudication hearing. We agree.
 {¶ 11} Although the cases cited by G.W. are distinguishable because they all challenge adjudication on direct appeal, we cannot ignore the juvenile court's repeated failure to secure and maintain an adequate record. See, In re B.E., supra; In reA.F., Cuyahoga App. No. 82509, 2004-Ohio-1119, In reHenderson, Cuyahoga App. No. 76695, 2001-Ohio-4122.
 {¶ 12} In the instant case, G.W. was found to be in violation of a court order and was committed to ODYS for a minimum of six months, maximum to his twenty-first birthday. Pursuant to R.C. 2516.16, the juvenile court can impose confinement at ODYS as punishment for a delinquent child only if the act for which the child is adjudicated delinquent would be classified as a felony if committed by an adult. The record before us is unclear whether G.W. was adjudicated delinquent for committing a felony-level offense.
 {¶ 13} The State argues that G.W. is attempting to use this appeal to challenge his 2001 adjudication. The State asks us to review the entire record and piece together the facts from the past five years. According to the State, the language in the adjudication entry coupled with the September 17, 2002 hearing transcript creates enough of a record to demonstrate that G.W. did, in fact, plead to a fifth degree felony.
 {¶ 14} At the 2002 hearing, the court advised G.W. that he was subject to a sixth-month minium commitment at ODYS for violating the court's order. When the court questioned whether G.W. was "here on" a felony, his probation officer interjected "Yes, a Felony 5." At that time, G.W., who was age 14, admitted he understood he could be committed to ODYS. The State argues that this colloquy put G.W. and his counsel on notice that he pled to a fifth degree felony, thus requiring G.W. or his counsel to question the adjudication at that time.
 {¶ 15} We reject this piecemeal approach. The record before us shows that a delinquency complaint was filed against G.W. in 2000 alleging assault, a fifth degree felony, and aggravated menacing, a first degree misdemeanor. The juvenile court's docket shows that the results of the arraignment hearing are "unknown." The 2001 adjudication entry indicates that the State orally moved to amend count two, aggravated menacing, to a fourth degree misdemeanor of menacing. Although the adjudication entry states that the parties were informed of the substance of the complaint and the possible consequences, the entry is entirely devoid of any mention of the actual charges to which G.W. admitted. The only subsequent reference by the court that G.W. may have admitted to a fifth degree felony is at the September 2002 hearing, wherein the court questioned whether G.W. was facing a felony violation.
 {¶ 16} Our review of the record shows that the juvenile court failed, yet again, to comply with Juv.R. 37(A). We reiterate the admonition given by the Ohio Supreme Court:
"We admonish juvenile courts to take seriously their obligation to ensure that these types of proceedings are recorded properly. Far too often, we see incomplete records, frequently caused by malfunctioning audio-recording devices. Obviously, it is in the court's best interest to properly record its proceedings the first time around, preferably through the use of a court stenographer." In re B.E., supra at 392.
 {¶ 17} Therefore, we find that we have an incomplete record of the proceedings before us, which does not allow a proper review on appeal. G.W. claims that he did not plead to a fifth degree felony at adjudication. Because the record regarding his adjudication is inadequate and he is unable to prepare an App.R. 9(C) statement, we reverse the matter and remand for a new adjudication hearing.
 {¶ 18} Accordingly, the first assignment of error is sustained.
 {¶ 19} Because we find the first assignment of error dispositive, we need not address the second assignment of error regarding ineffective assistance of appellate counsel.
Judgment reversed and case remanded.
It is ordered that appellant recover from appellee the costs herein taxed.
It is ordered that a special mandate be sent to the juvenile court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, JR., P.J., and Rocco, J., Concur.