**In re K.B.**

[Cite as *In re K.B.*, 170 Ohio App.3d 121, 2007-Ohio-396.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 87899.

Decided Feb. 1, 2007.

122

Timothy R. Sterkel, for appellant.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Justine Dionisopoulos, Assistant Prosecuting Attorney, for appellee.

JAMES J. SWEENEY, Presiding Judge.

{¶ 1} Appellant, K.B.,[1] appeals from the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division, that found her delinquent for trespassing into her mother's bedroom and using her mother's phone without her mother's permission. For the following reasons, we reverse and remand for further proceedings.

{¶ 2} On June 17, 2004, two complaints were filed against K.B., a 13–year–old girl. The first complaint alleged that K.B. knowingly used or operated a telephone without the consent of the owner, in violation of R.C. 2913.04(A), a misdemeanor of the first degree. The second complaint alleged that K.B. committed burglary by trespassing in an occupied structure or separate occupied portion of an occupied structure with the purpose of committing a criminal offense, in violation of R.C. 2911.12(A)(3), a felony of the third degree. The basis for both of these complaints was K.B.'s use of her mother's telephone without permission.

{¶ 3} On August 3 and 4, 2004, K.B. appeared with her mother before the magistrate, waived counsel, admitted to the allegations of the complaints, and was adjudicated delinquent. There is no transcript of these hearings. However, the juvenile court did not appoint K.B. a guardian ad litem ("GAL").

{¶ 4} On September 2, 2004, the dispositional hearing took place, and K.B. was placed on probation for her conduct. The terms of her probation included a minimum of one hour of homework each evening, ongoing counseling, curfew, and after-school and weekend structured activity.

{¶ 5} On March 7, 2005, a complaint was filed against K.B., alleging that she had violated the terms of her probation.

{¶ 6} On April 7, 2005, K.B. appeared with her mother and legal counsel, admitted to the allegations of the complaint, and was adjudicated delinquent. Probation was continued and psychological and psychiatric evaluations were ordered. Again, the Juvenile Court did not appoint K.B. a GAL.

{¶ 7} On May 4, 2005, K.B., her mother, and legal counsel appeared for a review hearing. Probation was continued and in-home treatment was ordered.

{¶ 8} On August 15, 2005, K.B. appeared with her grandmother (her legal guardian) and case manager, waived counsel, admitted to the complaint, and was adjudicated delinquent. The juvenile court committed K.B. to the custody of

---

1. The parties are referred to herein by their initials or title in accordance with this court's established policy regarding nondisclosure of identities of juveniles.

Ohio Department of Youth Services ("ODYS") for six months. Again, the juvenile court failed to appoint K.B. a GAL.

{¶ 9} From this judgment, K.B. timely appeals and sets forth the following two assignments of order, which shall be addressed out of order.

{¶ 10} "II. The trial court committed reversible error when it failed to appoint a guardian ad litem for appellant as mandated by Juvenile Rule 4(B) and Ohio Revised Code 2151.281(A)."

{¶ 11} In her second assignment of error, K.B. argues that the juvenile court erred by failing to appoint a guardian ad litem pursuant to R.C. 2151.281(A)(2) and Juv.R. 4(B). Specifically, K.B. maintains that a conflict existed between herself and her mother and grandmother and that the juvenile court was required to appoint a GAL to protect her best interests.

{¶ 12} Initially, we note that K.B. failed to object to the absence of a GAL. However, the absence of an objection does not preclude a reversal due to the juvenile court's failure to appoint a GAL when required under R.C. 2151.281(A)(2) or Juv.R. 4(B)(2). *In re Etter* (1998), 134 Ohio App.3d 484, 492, 731 N.E.2d 694.

{¶ 13} R.C. 2151.281(A) and Juv.R. 4(B) require that a juvenile court appoint a guardian ad litem in certain circumstances. R.C. 2151.281(A) provides:

{¶ 14} "The court shall appoint a guardian ad litem to protect the interest of a child in any proceeding concerning an alleged or adjudicated delinquent child or unruly child when either of the following applies:

{¶ 15} "(1) The child has no parent, guardian, or legal custodian.

{¶ 16} "(2) The court finds that there is a conflict between the child and the child's parent, guardian, or legal custodian."

{¶ 17} Likewise Juv.R. 4(B) states:

{¶ 18} "The court shall appoint a guardian ad litem to protect the interests of a child or incompetent adult in a juvenile court proceeding when:

{¶ 19} " * * *

{¶ 20} "(2) The interests of the child and the interests of the parent may conflict."

{¶ 21} The plain and unambiguous language of Juv.R. 4(B)(2) mandates that the *possibility* that interests "*may* conflict" is sufficient for the required appointment of a GAL. (Emphasis added.) See *In re Sappington* (1997), 123 Ohio App.3d 448, 453, 704 N.E.2d 339; *In re Slider*, 160 Ohio App.3d 159, 2005-Ohio-1457, 826 N.E.2d 356; *In re Howell* (1991), 77 Ohio App.3d 80, 92, 601

N.E.2d 92; *In re Smith,* Union App. No. 14–05–33, 2006-Ohio-2788, 2006 WL 1519688; *In re Cook,* Ashtabula App. No. 2003–A–0132, 2005-Ohio-5288, 2005 WL 2416615. However, the juvenile court is in the best position to weigh the relevant facts in determining whether a potential conflict of interest exists between the parent and child. *Sappington,* supra, at 453–454, 704 N.E.2d 339.

{¶ 22} In the context of a delinquency proceeding, a parent's speaking out against the child's penal interest raises a colorable claim of conflict. *In re Howard* (1997), 119 Ohio App.3d 201, 207, 695 N.E.2d 1. That colorable claim of conflict requires a "thorough inquiry" by the juvenile court to determine whether a conflict of interest exists such that the court must appoint a guardian ad litem. Id. A court's failure to appoint a guardian ad litem when these mandatory provisions require such an appointment constitutes reversible error. *In re Spradlin* (2000), 140 Ohio App.3d 402, 406, 747 N.E.2d 877.

{¶ 23} We review the juvenile court's decision to appoint a GAL under an abuse-of-discretion standard. Id. at 407, 747 N.E.2d 877. The relevant question on appeal is whether the record reveals an actual or potential conflict of interest which required the appointment of a GAL. Id.

{¶ 24} Here, K.B., the juvenile defendant, was accused of entering her mother's locked bedroom and using her phone without permission. Although there is no transcript of the arraignment and dispositional hearings on August 3, August 4, and September 2, 2004, it is quite clear from the record that there was tension between the mother and K.B. Indeed, approximately one year after these hearings, K.B. was placed in the legal custody of her grandmother. Although K.B.'s mother may have taken appropriate and reasonable actions, her conduct should have established to the juvenile court that there was a likely potential for a conflict, and that court should have appointed a GAL for K.B. or, at least, inquired into the need for one. "The danger where the parent has sought the aid of the court against the child is that the interests of the parent may no longer be consistent with a role that properly protects the child's rights. The parent may have an interest, wholly apart from the child's best interest, in committing the child to another's authority." *Sappington,* supra, 123 Ohio App.3d at 454, 704 N.E.2d 339.

{¶ 25} With regard to the August 15, 2005 hearing, the record establishes that the grandmother's testimony was adverse to K.B.'s penal interests in that she established that K.B. had behavioral issues that needed to be corrected and urged the court to commit K.B. to ODYS. Clearly, the grandmother's testimony demonstrated at least the strong possibility of a conflict of interest. Although we acknowledge that trial courts are usually in a better position to weigh the facts and determine whether a conflict of interest exists between a legal guardian and

child, we believe, in light of the grandmother's statements against K.B.'s penal interest, that the record reveals a strong enough possibility of a conflict of interest to demonstrate that the trial court abused its discretion by failing to appoint a GAL or to make further inquiry into whether a GAL was necessary. *Spradlin,* supra, 140 Ohio App.3d at 407, 747 N.E.2d 877; *Slider,* supra, 160 Ohio App.3d at 164, 826 N.E.2d 356.

{¶ 26} Accordingly, we sustain K.B.'s second assignment of error, reverse the trial court's judgment, and remand this cause for further proceedings consistent with this decision.

{¶ 27} "I. The trial court committed reversible error by failing to comply with the mandates of Juvenile Rule 37 when it failed to supply a complete record of appellant's proceedings."

{¶ 28} Our resolution of K.B.'s second assignment of error renders her remaining assignment of error moot. Accordingly, we do not address it here. See App.R. 12(A)(1)(c).

Judgment reversed<br>and cause remanded.

DYKE, J., concurs.

MCMONAGLE, J., concurs in judgment only with separate concurring opinion.

CHRISTINE T. MCMONAGLE, J., concurring in judgment only.

{¶ 29} I concur in judgment only, and write separately, because I believe that the majority has resolved this case upon the wrong issue. The majority opinion says in sum that this case should be reversed and remanded because the trial court did not appoint a guardian ad litem for the minor child. It disposes of appellant's lead issue, i.e., that this case should be dismissed because the juvenile court failed to supply a complete record of the proceedings, as moot. With all due respect to the majority, the issue of whether a guardian ad litem should have been appointed is one involving the discretion of the trial court, and is reviewed by this court upon an abuse-of-discretion standard. This panel cannot conclude that the trial court abused its discretion without a full and complete record before it.

{¶ 30} The parties agreed, both in their briefs and at oral argument, that the minor child was arraigned upon the complaints of her mother, supposedly waived all of her rights (including counsel), and admitted to those complaints. However, no transcript can be located by the juvenile court as to this crucial proceeding on August 3, 2004.

{¶ 31} This court has consistently held that the juvenile court's failure to follow the requirements of Juv.R. 37,[2] as amended July 1, 1996, mandates reversal. *In re A.F.*, Cuyahoga App. No. 82509, 2004-Ohio-1119, 2004 WL 443096, at ¶ 7. See, also, *In re B.E.*, Cuyahoga App. No. 81781, 2003-Ohio-3949, 2003 WL 21710762; *In re Garcia* (Apr. 12, 2001), Cuyahoga App. No. 78153, 2001 WL 372074; *In re Henderson*, Cuyahoga App. No. 76695, 2001 WL 233395; *In re Clayton* (Nov. 9, 2000), Cuyahoga App. No. 75757, 2000 WL 1679425; *In re Mason* (July 13, 2000), Cuyahoga App. No. 76532, 2000 WL 968800; *In re Goff* (June 17, 1999), Cuyahoga App. No. 75328, 1999 WL 401383; *In re Hart* (Dec. 9, 1999), Cuyahoga App. No. 75326, 1999 WL 1129590; *In re McAlpine* (Dec. 3, 1998), Cuyahoga App. No. 74256, 1998 WL 842147; *In re Collins* (1998), 127 Ohio App.3d 278, 712 N.E.2d 798; *In re Ward* (June 12, 1997), Cuyahoga App. No. 71245, 1997 WL 321492; *In re Solis* (1997), 124 Ohio App.3d 547, 706 N.E.2d 839.

{¶ 32} The state argues that despite all the above-cited cases, appellant should have provided an App.R. 9(C) statement of the proceedings. This argument has likewise been repeatedly addressed by this court. In *In re Hart*, supra, we stated:

{¶ 33} "This court is now called to balance the appellant's duty under App.R. 9 to see that the record, including the transcript, is filed with the appellate court and the court's duty to provide for the recording of the transcript pursuant to Juv.R. 37(A). Although *Miller*, supra [*State ex rel. Heller v. Miller* (1980), 61 Ohio St.2d 6, 15 O.O.3d 3, 399 N.E.2d 66 held that an indigent parent has a constitutional right to a transcript], turned on the question of indigency, the basic principles are applicable to the case sub judice * * *. The appellate rule does not absolve the trial court from complying with the rules of procedure and recording a hearing in the first place."

{¶ 34} And in *In re A.F.*, 2004-Ohio-1119, 2004 WL 443096, at ¶ 10, 11, this court concluded, "We find that App.R. 9(C) does not excuse an obligation to provide a complete record as required under Juv.R. 37. * * * The judgment is reversed and the cause remanded."

{¶ 35} To add insult to injury in the state's argument, the balance of appellant's brief points out that during this "transcript unavailable hearing," in some form or fashion, the child at issue waived counsel and there was no guardian ad litem. Further, the child's mother was the "victim" of the crime and her grandmother (and legal guardian) argued for the child's immediate incarceration. In sum, at

---

2. {¶ a} Juv.R. 37(A) states:

{¶ b} "Record of proceedings. The juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases * * *. In all other proceedings governed by these rules, a record shall be made upon request of a party or upon motion of the court."

least allegedly,[3] there was no one present who might aid the minor child and/or her appellate counsel in recreating a statement of the proceedings.

{¶ 36} I do not intend to demean the holding of the majority that failure to appoint a guardian ad litem constituted error and requires reversal of the case. See, e.g., *In re Sappington* (1997), 123 Ohio App.3d 448, 704 N.E.2d 339. However, we review that issue upon an abuse-of-discretion standard, *In re J–M.W.*, Summit App. Nos. 23066 & 23144, 2006-Ohio-6156, 2006 WL 3373141, and without a complete transcript, I am at a loss as to how this court might validly reach that conclusion.

---

3. Since, of course, we have no transcript.