{¶ 37} The majority reverses appellant, Phillip Dennis', delinquency adjudication on the grounds that a guardian ad litem should have been appointed for him. This result is not mandated by the case law pertinent to this issue. The majority obviously disagrees with the juvenile court's failure to appoint Dennis a guardian ad litem. Under the circumstances of this case, however, that decision was well within the juvenile court's discretion. Under the applicable deferential standard of review, the juvenile court's decision should be affirmed.
 {¶ 38} The Revised Code provides as follows: "The court shall appoint a guardian ad litem, subject to rules adopted by the supreme court, to protect the interest of a child in any proceeding concerning an alleged or adjudicated delinquent child or *Page 8 
unruly child when * * * [t]he court finds that there is a conflict of interest between the child and the child's parent, guardian, or legal custodian." R.C. 2151.281(A)(2).
 {¶ 39} In like manner, the Rules of Juvenile Procedure provide: "The court shall appoint a guardian ad litem to protect the interests of a child * * * when * * * [t]he interests of the child and the interests of the parent may conflict." Juv.R. 4(B)(2).
 {¶ 40} "While the plain language of the rule mandates that the possibility that interests `may conflict' suffice[s], `the juvenile court is in the best position to weigh the relevant facts in determining whether a potential conflict of interest exists between the parent and child.' * * * Therefore, an abuse of discretion standard applies to the trial court's decision whether to appoint a guardian ad litem. * * * Thus, the relevant question here is whether the record * * * `reveals a strong enough possibility of conflict of interest between [the legal guardian] and the child to show that the juvenile court abused its discretion [by not appointing a guardian ad litem]'." In re Spradlin,140 Ohio App.3d 402, 407, 2000-Ohio-2003, citing In re Sappington (1997),123 Ohio App.3d 448, 453-454; In re K.B., 8th Dist. No. 87899, 2007-Ohio-396, at ¶ 23 ("[t]he relevant question on appeal is whether the record reveals an actual or potential conflict of interest which required the appointment of a GAL").
 {¶ 41} Accordingly, there is no "hard and fast rule that requires the appointment of a guardian ad litem in every case." In re Wilson, 4th Dist. No. 04CA26, 2004-Ohio-7276, at ¶ 17.
 {¶ 42} In the present case, the record does not reveal an actual or potential conflict of interest between Dennis and his parents. *Page 9 
 {¶ 43} The majority bases its determination that a conflict exists on the erroneous supposition that Dennis' parents "initiated the delinquency proceedings" against him. In fact, Dennis's parents did not initiate proceedings against Dennis. They merely reported to the police that they had found items, such as a checkbook, driver's license, and prescription medicine, in Dennis' room which obviously belonged to another person. These items were turned over to the police. Dennis' parents did not turn Dennis in to the police. They did not allow the police to search Dennis' room. They never confronted Dennis about these items or inquired how they came to be in Dennis' room. The simply turned over to the police items of personal property that did not belong to them or to Dennis.
 {¶ 44} The actual proceedings against Dennis were initiated by the Ashtabula Police Department. The complaining witness was Saundra McCroskey. Thus, it is misleading to say that Dennis' parents initiated the proceedings.
 {¶ 45} This fact distinguishes the present case from the authority relied upon by the majority. In In re Cook, 11th Dist. No. 2003-A-0132,2005-Ohio-5288, the juvenile's biological father "initiated the complaint against appellant after appellant assaulted him with a pipe or rod." Id. at ¶ 33. See also, K.B., 2007-Ohio-396, at ¶ 1 (juvenile "found delinquent for trespassing into her mother's bedroom and using her mother's phone without her mother's permission"); Slider,2005-Ohio-1457, at ¶¶ 2-3 (juvenile was accused of kidnapping and gross sexual imposition against the natural daughter of his legal guardians). Cf. In re DM., 158 Ohio App.3d 780, 2004-Ohio-5858, at ¶¶ 34-36 (holding that no conflict existed and that appointment of a guardian ad litem was not *Page 10 
necessary, although the parents testified against the juvenile, where the parents were not the parents of the victim and did not advocate for commitment to Youth Services).
 {¶ 46} In contrast, Dennis' parents were neither the victims of the alleged crime nor the complaining witnesses. They testified at trial about the items they found in Dennis' room, but they testified under subpoena, not as voluntary witnesses.
 {¶ 47} Many courts have held that where a parent or guardian merely testifies against a juvenile's penal interest, no conflict arises so as to require appointment of a guardian ad litem in the absence of other evidence of adverse interests. In re Becerra, 8th Dist. No. 79715, 2002-Ohio-678, 2002 Ohio App. LEXIS 705, at *7 ("[w]hen nothing in the record supports that a conflict exists, we will not presume as much merely because a parent * * * has brought the charges against that child"); In re Taylor (June 10, 1999), 8th Dist. No. 74257, 1999 Ohio App. LEXIS 2610, at *3.[10]
 {¶ 48} In In re Howard (1997), 119 Ohio App.3d 201, the principal case for the proposition that "when a parent does speak against a child's penal interest, a colorable claim of a conflict is at least raised," the court concluded there was no conflict. The court noted that "nothing in the record * * * suggested] that [the juvenile's] mother was acting other than in [the juvenile's] best interest" and that the juvenile "was represented by counsel throughout the proceedings." Id. at 207. *Page 11 
 {¶ 49} Likewise, in the present proceedings, the record is devoid of evidence of hostility or animosity on the part of Dennis' parents or evidence that they acted to prejudice his penal interests, such as by denying Dennis counsel or recommending commitment. Cf. K.B.,2007-Ohio-396, at ¶ 25 (juvenile's guardian testified the juvenile "had behavior issues that needed to be corrected and urged the court to commit [the juvenile] to ODYS"); Cook, 2005-Ohio-5288, at ¶ 33
(juvenile's father testified that he "believed [the juvenile] had violent tendencies and behavioral issues which needed to be corrected");Slider, 2005-Ohio-1457, at ¶ 13 (juvenile's "guardians had expressed a clear intention to distance themselves from him, and counsel did not represent him during the hearing"); In re Bostwick, 4th Dist. No. 05CA2820, 2005-Ohio-5123, ¶¶ 12-16 (father testified the juvenile was "better off" in Sheriff's custody and "don't want to do nothing * * * but argue with me").
 {¶ 50} The only evidence of hostility alluded to by the majority is that Dennis' parents did not want him back in their home. This statement is not supported by the record. Dennis' parents did not testify regarding their personal feelings toward Dennis or whether he would be allowed home, and made no recommendation regarding the disposition of this case.[11] *Page 12 
 {¶ 51} Dennis' trial counsel reported Dennis' mother as indicating Dennis would be allowed back in the home but that Dennis "wish[es] to establish himself independently." Dennis' probation officer also testified to this effect, noting that Dennis is almost eighteen-years-old and that he would benefit from "an independent living program."
 {¶ 52} In sum, the law does not require a guardian ad litem be appointed merely because Dennis' parents testified against his penal interest. Nor do the facts of this case suggest any conflict of interest between Dennis' parents and Dennis best interests. There are no cases where an adjudication has been reversed for failure to appoint a guardian ad litem in circumstances such as these. Our standard of review is a deferential one, abuse of discretion. The juvenile court's judgment should be affirmed.
[10] As the majority recognizes, a juvenile's penal interests are typically protected by an attorney while a juvenile's best interests are the concern of a guardian ad litem. What is contrary to a juvenile's penal interest may not be adverse to his best interest. As has been observed: "No attempt at juvenile rehabilitation would be complete without instilling in the child the idea that she alone bears responsibility for her actions. A parent, guardian or custodian is often the best person to make that point. * * * It would serve no meaningful rehabilitative purpose for a court to appoint legal counsel to a clearly delinquent child for the sole purpose of dragging out proceedings and delaying the inevitable, particularly when * * * all agree that a certain disposition would be in the child's best interests. Juvenile court should not be the place where children learn they can finesse the system." In re Smith (2001), 142 Ohio App.3d 16, 21-22.
[11] As a practical matter, Dennis had been held in detention for other, unrelated probaton violations, from the time Dennis' parents found the stolen items until trial. It is misleading to suggest that Dennis' parents have put him out of the house or have prevented his return. *Page 1