{¶ 36} With respect to appellant's first assignment of error, the majority contends that the trial court did not err by determining that no independent counsel was necessary. I disagree.
 {¶ 37} Pursuant to R.C. 2151.352, indigent children, parents, custodians, or other persons in loco parentis are entitled to appointed counsel in all juvenile proceedings. See State ex rel. Asberry, supra, at 48. "Generally, when an attorney is appointed as guardian adlitem, that attorney may also act as counsel for the child, absent a conflict of interest." In re Janie M. (1999), 131 Ohio App.3d 637, 639, citing R.C. 2151.281(H); In re Smith (1991), 77 Ohio App.3d 1, 14. "The roles of guardian ad litem and attorney *Page 11 
are different." In re Janie M. at 639, citing In re Baby GirlBaxter (1985), 17 Ohio St.3d 229, 232. "Therefore, absent an express dual appointment, courts should not presume a dual appointment when the appointed guardian ad litem is also an attorney." In re Janie M. at 639, citing In re Duncan/Walker Children (1996), 109 Ohio App.3d 841,844-845; In re Kenneth R. (Dec. 4, 1998), 6th Dist. No. L-97-1435, 1998 Ohio App. LEXIS 5669. (Emphasis sic.)
 {¶ 38} In the case at bar, the record reveals that the GAL was not specifically appointed as the attorney for the children. In its June 20, 2003 judgment entry, the trial court merely appointed Attorney Susan E. Rudnicki as the guardian ad litem. There is no reference in the record that her appointment was a dual appointment. Thus, the children were left without any legal representation whatsoever.
 {¶ 39} Dennis, the youngest child, was determined to be too young to interview or express his wishes and concerns. Stormy and Stacey, the two eldest children, were interviewed. However, they did not express their wishes regarding their placement. Rather, they expressed an opinion regarding the neighborhood that appellant lived in and that they liked being with one of their siblings. The record does not reflect an expression of Stormy and Stacey's wishes either directly or an expression of all of the children's wishes through the GAL. The trial court erred by failing to address whether or not a conflict existed that would merit separate counsel for the children. See Juv. R. 4(B); In reK.B., 170 Ohio App.3d 121, 2007-Ohio-396, at ¶ 17-21. This writer believes that the trial court erred by not appointing counsel to represent the children. See In re Janie M., supra, at 639. *Page 12 
 {¶ 40} I believe appellant's first assignment of error is well-taken, which would render her second assignment of error moot. Accordingly, I would reverse the judgment of the trial court and remand the matter for a new hearing wherein the children be appointed an attorney. *Page 1