[Cite as *In re C.W.*, 2010-Ohio-5633.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF: | : | Case No. 10CA892 |
| | : | |
| C.W. | : | <u>DECISION AND</u> |
| | : | <u>JUDGMENT ENTRY</u> |
| ADJUDICATED DELINQUENT CHILD. | : | |
| | | **Released 11/5/10** |

_____

APPEARANCES:

Timothy Young, OHIO STATE PUBLIC DEFENDER, and Amanda J. Powell, OHIO STATE ASSISTANT PUBLIC DEFENDER, Columbus, Ohio, for appellant.

Aaron E. Haslam, ADAMS COUNTY PROSECUTOR, and Barbara Moore-Eiterman, ADAMS COUNTY ASSISTANT PROSECUTOR, West Union, Ohio, for appellee.

_____

Harsha, J.

{¶1} After C.W. entered an admission to two counts of rape, the Adams County Common Pleas Court, Juvenile Division adjudicated him a delinquent child and committed him to the custody of the Ohio Department of Youth Services ("DYS"). Upon his release from DYS custody, the court classified C.W. as a Tier III juvenile sex offender. C.W. now appeals that decision.

{¶2} C.W. contends that the trial court erred under Juv.R. 4(B) by not appointing him a guardian ad litem to protect his interests at the classification hearing because he had no parent, guardian, or legal custodian to do so. We agree. C.W. qualified as a "child" within the meaning of the rule and the hearing constituted a "juvenile court proceeding." Even if C.W. had a parent, guardian, or legal custodian (at the time of the hearing), that person was never notified of the hearing and thus did not appear to protect C.W.'s interests. Therefore, the court should have appointed a guardian ad litem. Accordingly, we reverse the judgment classifying C.W. as a Tier III

juvenile sex offender and remand this matter to the juvenile court.

{¶3} This decision renders moot C.W.'s additional claims that 1.) R.C. 2151.281(A) also required appointment of a guardian ad litem; 2.) the juvenile court made various errors in its classification judgment entry; 3.) the juvenile court did not address certain mandatory factors or consider certain evidence when it classified him; 4.) counsel rendered ineffective assistance at the classification hearing; 5.) his classification under Senate Bill 10 violated his right to equal protection under the law as guaranteed by the United States and Ohio Constitutions; 6.) the retroactive application of Senate Bill 10 to him violated the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution.

I. Facts

{¶4} In 2005, the Adams County Sheriff's Office filed complaints against C.W., then age 14, in case numbers 20052003 and 20052004, which have been consolidated for purposes of this appeal. The complaints alleged that C.W. committed two counts of rape and two counts of gross sexual imposition. C.W. entered an admission to both counts of rape, each a first-degree felony if committed by an adult, and the court dismissed the gross sexual imposition charges along with charges in other cases unrelated to this appeal. The court adjudicated C.W. a delinquent child. After the dispositional hearing, the court committed C.W. to the custody of DYS for a minimum period of two years and a maximum period not to exceed his 21st birthday. The court ordered that a hearing would be held for purposes of classifying C.W. as a juvenile sex offender registrant upon his release from DYS.

{¶5} In April 2008, the court held the classification hearing and signed an

"Explanation of Duties to Register as a Juvenile Offender Registrant" form in which the court classified C.W. as a Tier III registrant, not subject to community notification. However, in June 2008 the court vacated this classification because C.W.'s hearing occurred before his release from DYS.  Subsequently, C.W. was released from DYS custody, but he later returned after a parole violation.  Prior to the parole violation, the classification hearing had been delayed after the trial court granted C.W.'s various requests for continuances, motion for a competency evaluation, and request for a stay of the classification hearing.

{¶6}    Ultimately, the court held a classification hearing in March 2010 when C.W. was again released from DYS custody.  C.W. was 19 at the time of the hearing.[1] After the hearing, the court classified C.W. as a Tier III juvenile sex offender registrant, not subject to community notification.  This appeal followed.

## II.  Assignments of Error

{¶7}    C.W. assigns the following errors for our review:

ASSIGNMENT OF ERROR I

The Trial Court Committed Plain Error When it Failed to Appoint a Guardian ad Litem for [C.W.] in Violation of Ohio Revised Code Section 2151.281(A)(1) and Juvenile Rule 4(B)(1).  (March 3, 2010, T.pp. 2-59); (A-55).

ASSIGNMENT OF ERROR II

The Adams County Juvenile Court abused its discretion when it entered an order that does not reflect the findings and the mandatory requirements for a juvenile sex offender classification hearing.  (A-55); (March 3, 2010, T.pp. 2-59); R.C. 2152.83(B).

ASSIGNMENT OF ERROR III

The Adams County Juvenile Court abused its discretion when it classified

---

[1] The trial court's classification entry mistakenly states that C.W. was 18 at the time of the hearing.

[C.W.] as a Tier III juvenile sex offender registrant, without considering information concerning the factors in R.C. 2152.83(B) and (D) to support its finding that finding.  (A-55); (March 3, 2010, T.pp. 2-59).

ASSIGNMENT OF ERROR IV

[C.W.] was denied the effective assistance of counsel when trial counsel failed to present any evidence to show that [C.W.] had successfully completed juvenile sex offender treatment, and failed to apprise the court of its duty under R.C. 2152.83(B)(2) to consider the effectiveness of [C.W.'s] disposition and treatment provided before it determined that [C.W.] was to be classified as a juvenile sex offender registrant.  This failure led the court to classify [C.W.], who was a discretionary registrant, as a tier III juvenile offender registrant.  (March 3, 2010, T.pp. 2-38); (A-55).

ASSIGNMENT OF ERROR V

The trial court erred when it applied Senate Bill 10 to [C.W.], as the law violates his right to equal protection under the law.  Fourteenth Amendment to the United States Constitution; Article I, Section 2 of the Ohio Constitution.  (A-55); (March 3, 2010, T.pp. 2-59).

ASSIGNMENT OF ERROR IV

The retroactive application of Senate Bill 10 to [C.W.] violates the Ex Post Facto clause of the United States Constitution and the retroactivity clause of Section 28, Article II of the Ohio Constitution.  (A-55); (March 3, 2010, T.pp. 2-59).

### III.  Failure to Appoint Guardian Ad Litem

**{¶8}**   In his first assignment of error, C.W. contends that the trial court violated Juv.R. 4(B) and R.C. 2151.281(A) when it failed to appoint him a guardian ad litem for purposes of the classification hearing.  The state contends that C.W. was not entitled to a guardian ad litem because he was 19 at the time of the classification hearing and therefore not a "child" within the meaning of these provisions.

**{¶9}**   Juv.R. 4(B) states in relevant part:  "The court shall appoint a guardian *ad litem* to protect the interests of a child or incompetent adult in a juvenile court

proceeding when: (1) The child has no parents, guardian, or legal custodian; (2) The interests of the child and the interests of the parent may conflict[.]" Because this rule is mandatory, the failure of a court to appoint a guardian ad litem when required under it constitutes reversible error. *In re Slider*, 160 Ohio App.3d 159, 2005-Ohio-1457, 826 N.E.2d 356, at ¶9. Whether Juv.R. 4(B) imposes a mandatory duty upon the court to appoint a guardian ad litem and whether the court failed to discharge that duty constitute questions of law we review de novo. See *In re A.G.B.*, 173 Ohio App.3d 263, 2007-Ohio-4753, 878 N.E.2d 49, at ¶11, citing *Cleveland Elec. Illuminating Co. v. Pub. Utilities Comm. of Ohio*, 76 Ohio St.3d 521, 1996-Ohio-298, 668 N.E.2d 889.

{¶10} Undoubtedly the classification hearing constituted a "juvenile court proceeding" within the meaning of Juv.R. 4(B). Moreover, C.W. does not argue that he qualifies as an "incompetent adult," so we initially must determine whether he qualifies as a "child" within the meaning of the rule. As used in the Juvenile Rules, the term "child" has "the same meaning as in sections 2151.011 and 2152.02 of the Revised Code." Juv.R. 2(D).

{¶11} R.C. 2151.011(B)(5) defines a child as "a person who is under eighteen years of age, except that the juvenile court has jurisdiction over any person who is adjudicated an unruly child prior to attaining eighteen years of age until the person attains twenty-one years of age, and, for purposes of that jurisdiction related to that adjudication, a person who is so adjudicated an unruly child shall be deemed a 'child' until the person attains twenty-one years of age." C.W. admits that he was 19 years old at the time the classification hearing occurred. However, C.W. was adjudicated a delinquent child, not an unruly child, so the unruly child provision in the definition does

not apply.  See R.C. 2151.011(B)(12) and R.C. 2152.02(F) (defining a delinquent child);

R.C. 2151.022 (defining an unruly child).  Therefore, C.W. does not meet the definition

of a "child" under R.C. 2151.011(B)(5).

{¶12}  Next, we must evaluate R.C. 2152.02 to determine whether C.W. meets

the definition of a "child" under that statute.  Relevant here are former R.C.

2152.02(C)(1) and (6)[2]:

> As used in [Chapter 2152 of the Revised Code]:
>
> (C)(1) "Child" means a person who is under eighteen years of age, except as otherwise provided in divisions (C)(2) to (6) of this section.
>
> * * *
>
> (6) The juvenile court has jurisdiction over a person who is adjudicated a delinquent child or juvenile traffic offender prior to attaining eighteen years of age until the person attains twenty-one years of age, and, for purposes of that jurisdiction related to that adjudication, except as otherwise provided in this division, a person who is so adjudicated a delinquent child or juvenile traffic offender shall be deemed a "child" until the person attains twenty-one years of age.  * * *

{¶13}  C.W. was over 18 at the time of the classification hearing.  However, he

was adjudicated a delinquent child prior to turning 18 and had not yet turned 21.

Therefore, under R.C. 2152.02(C)(6), C.W. would qualify as a "child" for purposes of

determining the juvenile court's jurisdiction.  Moreover, the Supreme Court of Ohio has

rejected the argument that a person who meets the requirements of this provision

qualifies as a "child" *solely* for the purpose of evaluating the court's jurisdiction.  *In re*

*Andrew*, 119 Ohio St.3d 466, 2008-Ohio-4791, 895 N.E.2d 166, at ¶6.  The Court has

found that "the second clause of (C)(6) means that when a juvenile court is exercising

jurisdiction over a person adjudicated a delinquent child pursuant to the matter for which

---

[2] R.C. 2152.02(C) was amended, effective June 17, 2010, to add provision (C)(7) to the statute.

the person was adjudicated delinquent, the person adjudicated delinquent *shall be treated as a child until he reaches the age of 21*." Id. (Emphasis added.) In *Andrew*, the appellant was adjudicated a delinquent child but had a parole-violation hearing after he turned 18. Id. at ¶1. The Supreme Court concluded that under R.C. 2152.02(C)(6), he qualified as a "child" and therefore could not waive his right to counsel at the parole-violation hearing because he had not been counseled by a parent, custodian, or guardian or consulted with an attorney. Id. at ¶¶7-8. Similarly, we conclude that the second clause of R.C. 2152.02(6) means that C.W. should be treated as a child for purposes of the guardianship provision in Juv.R. 4(B). See Juv.R. 2(D).

{¶14} Next, we must consider whether under Juv.R. 4(B) one of the conditions that required appointment of a guardian ad litem existed. C.W.'s mother, K.B., was identified in the delinquency complaints but his father was not. K.B. was served with a complaint and summons in both cases. Prior to the first hearing, K.B. sent the court a handwritten note stating that she was "waiving [her] right to be at [C.W.'s] hearing." At the hearing, the court indicated that it had learned that K.B. was in jail and planned to appoint C.W. a guardian ad litem. K.B. did appear at the remainder of the hearings up to and including the dispositional hearing. However, the court still appointed C.W. a guardian ad litem. K.B. told the court that she did not know where C.W.'s father was.

{¶15} K.B. and the guardian ad litem appeared at the first classification hearing in April 2008. Because C.W. was under 18 at that time, the court expressed concern that upon his release, a parent, custodian or guardian could be held legally responsible if C.W. failed to comply with his registration requirements. Therefore, the court purported to "emancipate" C.W. at that time but never filed an entry to that effect. After

this hearing, neither K.B. nor the guardian ad litem appeared for any other hearings related to C.W.'s case. At an October 14, 2008 hearing, the court inquired about the whereabouts of C.W.'s mother. The court noted that while K.B. was incarcerated, the court was able to secure her appearance by issuing warrants to convey, but the court indicated it no longer knew her whereabouts. C.W. told the court that she was "living with some friends and stuff right now" and that he did not know her address. In November 2009, C.W.'s guardian ad litem filed a motion to withdraw because C.W. "ha[d] been sentenced and [the guardian's] services [were] completed." The court granted the motion. Although C.W. was represented by counsel at the March 2010 classification hearing, C.W. no longer had a guardian ad litem. The fact that C.W. was represented by counsel at the hearing does not absolve the court of its duty to appoint a guardian if required under the rule. *In re Wilson*, Washington App. No. 04CA26, 2004-Ohio-7276, at ¶19.

{¶16} The record provides no indication that C.W.'s mother, who did not appear at the March 2010 hearing, was ever notified of the hearing. There is no evidence that either the court or C.W. learned of K.B.'s whereabouts after the October 14, 2008 hearing. Thus, the court can hardly be faulted for not providing notice to her. But, without her appearance, C.W. had no parent to protect his interests at the hearing. See Juv.R. 4(B)(1). It is also possible based upon C.W.'s earlier comments that he did not know his mother's address, that she may have abandoned his interests, and was no longer willing to act on his behalf. If so, this represents a conflict between C.W. and his mother under Juv.R. 4(B)(2) and requires the appointment of a guardian ad litem. At a minimum, the court should have inquired about the absence of C.W.'s mother and the

nature of their current relationship.

{¶17}  Because C.W.'s interests at the classification hearing were not protected by a parent or a guardian ad litem as required by Juv.R. 4(B)(1) or (2), we sustain C.W.'s first assignment of error in part.  We need not address C.W.'s additional claim that R.C. 2151.281(A) also required appointment of a guardian ad litem.  Accordingly, we reverse the juvenile court's judgment classifying C.W. as a Tier III juvenile sex offender and remand this matter to the juvenile court for further proceedings consistent with this opinion.

{¶18}  This decision renders moot C.W.'s remaining assignments of error in which he contends that:  1.) the juvenile court made various errors in its classification judgment entry; 2.) the juvenile court did not address certain mandatory factors or consider certain evidence when it classified him; 3.) counsel rendered ineffective assistance at the classification hearing; 4.) his classification under Senate Bill 10 violated his right to equal protection under the law as guaranteed by the United States and Ohio Constitutions; 5.) the retroactive application of Senate Bill 10 to him violated the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution.  Thus, we need not address those arguments.  See App.R. 12(A)(1)(c).

JUDGMENT REVERSED AND<br>CAUSE REMANDED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J. & Kline, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
       William H. Harsha, Judge


**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**