**In re A.G.B.**

[Cite as *In re A.G.B.*, 173 Ohio App.3d 263, 2007-Ohio-4753.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 06CA3084.

Decided Sept. 5, 2007.

Michael L. Jones, for appellant, Janice N. Swords.

Catherine S. Heid, for appellee, Jason C. Bashaw.

KLINE, Judge.

{¶ 1} Janice N. Swords ("Mother") appeals the judgment of the Scioto County Court of Common Pleas, Juvenile Division, overruling her objections and confirming the magistrate's decision awarding custody of her daughter, A.G.B., to Jason C. Bashaw ("Father"). Mother contends that the trial court erred in failing to appoint a guardian ad litem ("GAL") to protect A.G.B.'s interests, as required by R.C. 2151.281(B)(1) and Juv.R. 4(B)(5). Because we find that the trial court failed to comply with the requirements of R.C. 2151.281(B)(1) and Juv.R. 4(B)(5), which mandate the appointment of a GAL in any proceeding concerning an alleged abused or neglected child, we agree. Mother also contends that the trial court erred by failing to consider all of the best-interest factors enumerated in R.C. 3109.04(F) and that those factors demonstrate that it is in A.G.B.'s best interest to remain in Mother's custody. Because we find that our resolution of Mother's first assignment of error renders this assignment of error moot, we decline to address it. Accordingly, we sustain Mother's first assignment of error, decline to address her second assignment of error, reverse the judgment of the trial court, and remand this cause with instructions for the court to appoint a GAL to represent A.G.B.'s interests and to conduct further proceedings consistent with this opinion.

I

{¶ 2} The record reveals that Mother and Father married. They divorced in 2002, and the Scioto County Court of Common Pleas, Domestic Relations Division, awarded Mother custody of A.G.B., born August 30, 1998. The domestic relations court also awarded Father visitation with A.G.B. and ordered him to pay child support.

{¶ 3} On December 28, 2004, Father filed a sworn complaint for custody for reasons of abuse, neglect, and/or dependency in the Scioto County Court of Common Pleas, Juvenile Division, and sought an order granting him legal custody of A.G.B. Additionally, Father filed a motion for emergency custody, wherein he alleged various incidents of abuse and neglect that A.G.B. suffered while in her mother's care.

{¶ 4} The trial court assigned the case to the juvenile court magistrate and set the matter for an adjudicatory hearing on February 2, 2005. The magistrate continued that hearing to May 24, 2005, in order to appoint counsel to represent Mother in the proceedings. However, due to time constraints, the court converted the May hearing to a pretrial and again continued the adjudication hearing.

{¶ 5} On October 18, 2005, the magistrate conducted the adjudicatory hearing. The magistrate issued a decision on October 26, 2005, in which he determined by

clear and convincing evidence that A.G.B. is a neglected child, as defined in R.C. 2151.03(A)(3), and a dependent child, as defined in R.C. 2151.04(A). Although the magistrate adjudicated A.G.B. neglected and dependent, he expressly declined to temporarily modify custody pending the dispositional hearing.[1]

{¶ 6} Neither party objected to the magistrate's decision adjudicating A.G.B. neglected and dependent. The court adopted the decision in its entirety and made it an order of the court.

{¶ 7} The magistrate conducted a dispositional hearing on January 18, 2006, in which he heard the testimony of Father, Mother, and A.G.B.'s stepmother, Nikki Sue Bashaw. The magistrate issued a decision on January 20, 2006. After considering the evidence submitted at the adjudicatory and dispositional hearings, and considering the factors affecting the best interests of the child, the magistrate found that it was in A.G.B.'s best interest to award custody to Father and provide Mother with reasonable visitation.

{¶ 8} The trial court granted Mother's request for an extension of time to file objections, ordering her to file her objections no later than 14 days from the date of the filing of the hearing transcript. Mother timely objected to the magistrate's decision, arguing that the magistrate failed to consider two factors in determining the child's best interest, namely the child's interaction and interrelationship with her parents and her siblings, and her adjustment to her home, school, and community. See R.C. 3109.04(F)(1)(c) and (d). Mother asserted that the award of custody to Father was not in A.G.B.'s best interest because (1) it separated her from Mother, her primary caretaker since birth; (2) it separated her from her sibling; (3) she will have to attend a new school; (4) Father was not an active parent and did not even know where A.G.B. attended school; and (5) Father does not have adequate space to care for A.G.B. fulltime.

{¶ 9} The trial court overruled Mother's objections and confirmed the magistrate's decision in an entry dated June 12, 2006. Mother now appeals and raises the following assignments of error: I. "The trial court failed to appoint a guardian ad litem." II. "Trial court failed to consider all factors when determining best interests of minor child."

## II

{¶ 10} In her first assignment of error, Mother contends that the trial court erred in failing to appoint a GAL to protect A.G.B.'s interests as required

1. We note that the Ohio Supreme Court has held that in a case in which a domestic relations court has determined custody of a child in a divorce decree and the child is later determined to be abused, neglected, or dependent, the juvenile court has jurisdiction under R.C. 2151.23(A)(2) to make a custody determination, but must do so in accordance with R.C. 3109.04. *In re Poling* (1992), 64 Ohio St.3d 211, 594 N.E.2d 589, paragraph two of the syllabus.

by R.C. 2151.281(B)(1) and Juv.R. 4(B)(5). Mother contends that because both the statute and rule impose a mandatory duty upon the court to appoint a GAL, the court's failure to make such an appointment constitutes reversible error.

{¶ 11} Whether the R.C. 2151.281(B)(1) and Juv.R. 4(B)(5) impose a mandatory duty upon the court to appoint a GAL and whether the court failed to discharge that duty constitute questions of law. We review questions of law de novo. *Cleveland Elec. Illum. Co. v. Pub. Util. Comm.* (1996), 76 Ohio St.3d 521, 668 N.E.2d 889.

{¶ 12} R.C. 2151.281(B)(1) provides: "The court *shall* appoint a guardian ad litem, subject to rules adopted by the supreme court, to protect the interest of a child in any proceeding concerning an alleged abused or neglected child and in any [permanent custody proceeding]." (Emphasis added.) Additionally, Juv.R. 4(B) provides: "The court *shall* appoint a guardian ad litem to protect the interests of a child * * * in a juvenile court proceeding when: * * * (5) Any proceeding involves allegations of abuse or neglect * * * as soon as possible after the commencement of such proceeding." (Emphasis added.) Mother contends that because both the statute and rule require the appointment of a GAL, the court's failure to appoint a GAL constitutes reversible error.

{¶ 13} When used in a statute, the word "shall" denotes that compliance with the terms of that statute is mandatory. (Citations omitted.) *Smith v. Leis,* 106 Ohio St.3d 309, 2005-Ohio-5125, 835 N.E.2d 5, at ¶ 62. This court has previously recognized that R.C. 2151.281(B)(1) confers upon a child who is the subject of neglect or permanent-custody proceedings a mandatory right to have a guardian ad litem appointed. *In re Strowbridge* (Oct. 26, 1982), Lawrence App. No. 1574, 1982 WL 3565. We further recognized that failure to make such an appointment would severely infringe upon the child's due process rights and constitute reversible error. Id.

{¶ 14} Father asserts that Mother failed to request the appointment of a GAL at any stage of the proceedings below and implies that by failing to do so, she waived the right to assign error to the court's failure to comply with R.C. 2151.281(B)(1) and Juv.R. 4(B)(5). However, in *In re Lewis* (Sept. 1, 1982), Lawrence App. No. 1573, 1982 WL 3527, this court raised the issue sua sponte in the context of a permanent-custody proceeding. We held, "The Court appointed an attorney to represent [mother], but did not appoint an attorney to represent [the child]. Both parents and children have interests to protect when threatened with Court-ordered separation. Just as their interests are sometimes in conflict, their interests are somewhat intertwined: Parents have a right to raise their children and children have a right to be raised by their parents. We believe the failure of the Court to appoint a guardian ad-litem to protect [the child's]

interests constitutes prejudicial error, not only to [the child], but to [mother]."
Id.

{¶ 15} Because a parent has a "fundamental liberty interest * * * in the care, custody, and management of [his or her] child," *Santosky v. Kramer* (1982), 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599, we believe our reasoning in Lewis applies equally in the context of an abuse or neglect proceeding in which a parent may potentially lose custody of his or her child to a children services agency or to an individual. Moreover, because the right to the appointment of a guardian belongs to the child, and because the interests of the other parties to the proceeding may conflict with the child's interests, failure of a party to object cannot constitute waiver of the court's statutory duty to appoint a GAL. See, e.g., *In re Myer* (June 16, 1981), Delaware App. No. 80–CA–10, 1981 WL 6316. Accordingly, we hold that Mother's failure to request the appointment of a GAL below could not waive the court's mandatory duty to appoint a GAL to represent A.G.B.'s interests.

{¶ 16} Father also contends that this court should interpret the R.C. 2151.281(B)(1) and Juv.R. 4(B)(5) narrowly to require the mandatory appointment of a GAL only in abuse, neglect, or permanent custody proceedings initiated by the state. In support of this argument, Father cites *Truitt v. Truitt* (1989), 65 Ohio App.3d 126, 583 N.E.2d 331. While *Truitt* held the mandatory appointment provisions of R.C. 2151.281(B)(1) inapplicable in a dispute between a mother and father when the mother raised allegations that the father had sexually abused the minor child, the facts in *Truitt* are readily distinguishable from those in the case at bar.

{¶ 17} In *Truitt*, the parties had previously dissolved their marriage. Upon discovering changed circumstances, including, inter alia, the possible sexual abuse of one of the parties' children by their father, mother filed a motion in the existing domestic relations case to terminate father's visitation. Because the case was before the domestic relations court and the court did not have jurisdiction to find child abuse [2] except insofar as it constituted a ground for modification of the visitation order, *Truitt* held the mandatory appointment provision of R.C. 2151.281(B)(1) inapplicable. Instead, the court held that in the context of a domestic relations proceeding seeking to terminate visitation, Civ.R. 75(B)(2) applied, making the appointment of a GAL discretionary rather than mandatory.

---

**2.** R.C. 2151.23(A)(1) confers exclusive original jurisdiction upon the juvenile court "[c]oncerning any child who on or about the date specified in the complaint * * * is alleged * * * to be a juvenile traffic offender, or a delinquent, unruly, abused, neglected, or dependent child[.]"

{¶ 18} Here, however, Father filed a complaint in juvenile court pursuant to R.C. 2151.27(A)(1) alleging that A.G.B. was an abused, neglected, and dependent child. That statute provides, "[A]ny person having knowledge of a child who appears * * * to be an unruly, abused, neglected, or dependent child may file a sworn complaint with respect to that child in the juvenile court of the county in which the child has a residence or legal settlement or in which the violation, unruliness, abuse, neglect, or dependency allegedly occurred." Although the county children services agency did not initiate the proceedings, the proceedings were, nonetheless, proceedings concerning an alleged abused or neglected child. Thus, the provisions of R.C. 2151.281(B)(1) and Juv.R. 4(B)(5) clearly apply and require the trial court to appoint a GAL to protect A.G.B.'s interests. Because the trial court failed to comply with the mandatory requirements of both the statute and the rule, we sustain Mother's first assignment of error. Our resolution of Mother's first assignment of error renders her second assignment of error moot.

{¶ 19} Accordingly, we sustain Mother's first assignment of error, decline to address her second assignment of error, reverse the trial court's judgment, and remand this cause with instructions for the court to appoint a GAL to represent A.G.B.'s interests and to conduct further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

HARSHA, J., concurs in judgment only.

ABELE, J., dissents.

HARSHA, J., concurring.

{¶ 20} I regretfully concur in the reversal of this judgment for two reasons. First, we have taken a long time to decide the case, and as one can see from the various positions we have taken, still cannot agree on the issues. Second, it seems that waiver should apply to the mother because she failed to object to the lack of a guardian ad litem ("GAL") even though she was represented by counsel. One might wonder what strategic advantage the lack of a GAL could have appeared to represent to a mother who was alleged to have engaged in the neglect and dependency of her child. This is especially intriguing given the total lack of a children services agency or an individual party in the development and presentation of this case. Nonetheless, I feel compelled to agree that the child is entitled to the services of a GAL even where the mother has waived any complaint that the mother may belatedly now raise. Were we to decide that the mother couldn't raise the child's right, by whom and how would that interest gain protection? Thus, I concur in judgment.

ABELE, J., dissents.

{¶ 21} I respectfully dissent, but for reasons other than the merits of the issues set forth in appellant's assignments of error.

{¶ 22} This case involves a custody-modification dispute between two parents. Previously, appellant had been awarded custody of the parties' child through a domestic relations court proceeding. In this case, appellee filed a postdecree motion in the juvenile court and asserted, pursuant to R.C. Chapter 2151, that their child is abused, neglected, and dependent. Notably, this filing and the presentation of the case did not involve the local public children services agency. It is my belief that R.C. Chapter 2151 does not apply to "private" custody disputes (i.e., custody actions brought by private parties rather than children services agencies). Rather, in private custody-modification disputes between parents, as we have in the case sub judice, a trial court must focus on the child's best interest and whether a sufficient change in circumstances has occurred since the previous custody determination. See R.C. Chapter 3109. In this context, a parents' fitness or suitability may certainly be raised as an issue, along with other evidence that may be used to establish a change in circumstances. However, R.C. Chapter 2151 is not directly involved. *Reynolds v. Goll* (1996), 75 Ohio St.3d 121, 661 N.E.2d 1008, citing *In re Perales* (1977), 52 Ohio St.2d 89, 6 O.O.3d 293, 369 N.E.2d 1047; *In re Wilson* (Apr. 30, 1999), Miami App. No. 98–CA–19, 1999 WL 252799; R.C. 2151.23 and 3109.04. I also recognize that a substantial overlap exists between the two standards. Nevertheless, I am uncomfortable with the notion that private litigants may invoke R.C. Chapter 2151 and its detailed and complicated requirements that are generally not involved in a private custody-modification dispute between parents.