[Cite as *In re D.R.B.*, 2015-Ohio-3346.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 102252**

---

## IN RE: D.R.B.
## A Minor Child

[Appeal by Minor Child]

---

## JUDGMENT:
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL 14102299

**BEFORE:**   Laster Mays, J., McCormack, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**   August 20, 2015

**ATTORNEY FOR APPELLANT**

Charlyn Bohland
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Kevin Bringman
Assistant Prosecuting Attorney
The Justice Center, 8th floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant D.R.B. appeals the decision of the Cuyahoga County Court of Common Pleas, Juvenile Division, to adjudicate his juvenile delinquency case without assigning a guardian ad litem ("GAL") to represent his interests, though neither his parent(s) nor legal guardians were in attendance at the hearings, due to the fact that D.R.B. attained the age of 18 prior to the final adjudication. We agree that D.R.B. was entitled to the appointment of a guardian ad litem and therefore reverse and remand.

## I. Procedural and Factual Background

{¶2} On February 21, 2014, a complaint was filed against D.R.B. that alleged on or about February 1, 2013, D.R.B. committed two counts of rape in violation of R.C. 2907.02(A)(1)(b), a first-degree felony, by engaging in the digital penetration of a female less than 13 years of age, whether or not the female's age was known. D.R.B. was 17 years of age at the time of the incident and 18 years of age when the juvenile complaint was filed.

{¶3} It was alleged that the victim was visiting D.R.B.'s younger sister at the family home where D.R.B. resided with his sister, mother, and stepfather. The first incident occurred while the victim was alone in the sister's bedroom while the sister was taking a shower. The victim said that D.R.B. sat next to her on the bed and began

rubbing her thigh, grabbing her face, and kissing her. He stopped when he heard his mother coming up the stairs.

{¶4} The second incident occurred later that evening when the victim was sitting alone on the couch in the living room, watching television with a blanket over her legs. D.R.B. reportedly sat next to the victim, pulled part of the blanket over his legs, reached under the blanket and into the victim's pants and inserted his finger into her vagina. D.R.B. was 17 years of age at the time of the incident and 18 years of age when the complaint was filed.

{¶5} On April 29, 2014, an arraignment and detention hearing was held. D.R.B. denied the allegations of the complaint through counsel and was placed on home detention. D.R.B. turned 19 years of age in May 2014. On June 4, 2014, a pretrial was held without resolution. D.R.B. remained on home detention. A second pretrial hearing was held on July 7, 2014, also without resolution, and home detention was continued. At the arraignment and subsequent hearings, the court asked whether the parents were present and counsel responded that D.R.B. had attained the age of 18. The parents were not in attendance.

{¶6} On September 8, 2014, a home detention violation hearing was held due to a failure to respond to a monitoring call on September 7, 2014. According to the home detention report, D.R.B. failed to charge his GPS bracelet. The report also stated that D.R.B. was residing with his grandmother, working, undergoing counseling, taking GED

classes, and was generally doing well. The court approved continuation of home detention.

{¶7} On September 10, 2014, the adjudicatory hearing was held. The court granted the state's motion to amend the complaint to change the date of offense from February 1, 2013, to January 1 through January 31, 2013, and to dismiss the second count. The court again inquired about D.R.B.'s parents. Defense counsel stated that the aunt was present, not the parents, and that D.R.B. was 19 years old. The court responded, "Oh, yeah, I forgot."

{¶8} After hearing testimony and accepting evidence, D.R.B. was adjudicated delinquent on one count of rape, R.C. 2907.02(A)(1)(b). The victim testified for the state. D.R.B.'s stepfather was also a witness for the state. Home detention was terminated, and D.R.B. was remanded to the custody of the Ohio Department of Youth Services.

{¶9} The disposition hearing was held on October 20, 2014. The court committed D.R.B. for a minimum period of 12 months and a maximum period not to exceed the child's attainment of 21 years.[1]

{¶10} D.R.B. was represented by appointed counsel at all hearings. D.R.B.'s aunt ("D.B."), who was not his legal custodian, attended all hearings. Though served with

---

[1] The court also considered the fact that the current case constituted a violation of probation for a prior robbery, a third-degree felony if committed by an adult.

notice, the mother failed to appear at any of the hearings. The stepfather's only appearance was to testify against D.R.B. at the adjudicatory hearing.

**{¶11}** This appeal followed.

## II. Assignments of Error

**{¶12}** The following assignments of error are presented for review:

I. The juvenile court erred when it failed to appoint a guardian ad litem to protect D.R.B.'s best interests, in violation of R.C. 2151.281(A)(1) and Juv.R. 4(B)(1).

II. D.R.B. was denied the effective assistance of counsel, in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution; Section 10, Article I, Ohio Constitution.

## III. Standard of Review

**{¶13}** The question of whether R.C. 2151.281(A)(1) and Juv.R. 4(B)(1) impose a mandatory duty upon the court to appoint a GAL, and whether the court failed to discharge that duty, constitutes a mixed question of law and fact and is subject to de novo review. *State v. Lindstrom*, 8th Dist. Cuyahoga No. 96653, 2011-Ohio-6755, ¶ 20*; M6 Motors, Inc. v. Nissan of N. Olmsted, L.L.C.,* 2014-Ohio-2537, 14 N.E.3d 1054, ¶ 48 (8th Dist.) ("Statutory interpretation is a question of law that we review de novo.") De novo review means the appellate court independently reviews the record and affords no deference to the trial court's decision. *B.P. Communications Alaska, Inc. v. Cent. Collection Agency*, 136 Ohio App.3d 807, 812, 737 N.E.2d 1050 (8th Dist.2000).

## IV. Legal Analysis

{¶14} D.R.B. has posed two assignments of error. We address D.R.B.'s first assigned error only, because it is dispositive of the case.

{¶15} Inquiries were properly made by the trial court during the proceedings as to whether a parent was in attendance. However, observing that D.R.B. was 18 years old, subsequently 19 years old, at the hearings and that an aunt was in attendance, there appeared to be an assumption by the court, state, and defense counsel that no parent or legal guardian needed to be present.

{¶16} The parties agree that a GAL shall be appointed to represent a "child" in juvenile court delinquency and unruliness proceedings as provided by statute. Therefore, the pivotal issue is whether D.R.B. qualifies as a child by law and is so entitled. We preface our analysis by clarifying that the question before us is whether D.R.B. qualifies as a child under the applicable delinquency and related statutes, and not the unruliness statute[2] as cited by the state.

{¶17} In interpreting a statute, we have held that "the word 'shall' is mandatory. The General Assembly is presumed to mean what it said." *San Allen v. Buehrer*, 2014-Ohio-2071, 11 N.E.3d 739, ¶ 81 (8th Dist.)*; Smith v. Leis*, 106 Ohio St.3d 309, 2005-Ohio-5125, 835 N.E.2d 5*, ¶ 62; In re A.G.B.*, 173 Ohio App.3d 263, 2007-Ohio-4753, 878 N.E.2d 49, ¶ 13 (4th Dist.).

---

[2]R.C. 2151.011(B)(6). In addition, R.C. 2151.011(B)(13) defines a delinquent child by reference to "section 2152.02 of the Revised Code."

{¶18} The role of a GAL is to protect and act in the best interest of a child in court proceedings. For the purpose of juvenile delinquency proceedings, R.C. 2151.281(A) provides:

> (A) The court *shall* appoint a guardian ad litem, subject to rules adopted by the Supreme Court, to protect the interest of a child in any proceeding concerning an alleged or adjudicated delinquent child or unruly child when either of the following applies:
>
> (1)  The child has no parent, guardian, or legal custodian.
>
> (2)  The court finds that there is a conflict of interest between the child and the child's parent, guardian, or legal custodian.

(Emphasis added.)

{¶19}  The definition of "child" under Sup.R. 48 governing GALs includes a person under 18 years of age, or a person who is older than 18 years of age who is deemed a child until the person attains 21 years of age under R.C. 2152.02(C) of the Revised Code, and Sup.R. 48(B)(2)(a) and (b).  In addition, Juv.R. 4(B)(1) provides, in pertinent part, that a court "shall"  appoint a GAL to protect the interests of a "child" in a juvenile court proceeding when the child has no parents, guardian or legal custodian.  (*Compare* R.C. 2151.281(A)(1)).

{¶20}  Under R.C. 2152.02(C)(1), a delinquent child is defined as, "a person who is under eighteen years of age, except as otherwise provided in divisions (C)(2) to (8) of this section."  *Id.*  R.C. 2152.02(C)(2) through (8) provide the exceptions to the rule. R.C. 2152.02(C)(2) applies:

> (2) Subject to division (C)(3) of this section, any person who violates a federal or state law or a municipal ordinance prior to attaining eighteen years

of age shall be deemed a "child" irrespective of that person's age at the time the complaint with respect to that violation is filed or the hearing on the complaint is held.

*Id.*[3]

**{¶21}** In *Lindstrom*, 8th Dist. Cuyahoga No. 96653, 2011-Ohio-6755, we interpreted R.C. 2152.02(C)(2) and (C)(3) in determining whether Lindstrom, who was under 18 years of age at the time the act was committed but was not apprehended until shortly before he reached the age of 21, was a child for purposes of juvenile jurisdiction:

> R.C. 2152.02(C)(2) states that: "[s]ubject to division (C)(3) of this section, any person who violates a federal or state law or a municipal ordinance prior to attaining eighteen years of age shall be deemed a 'child' irrespective of that person's age at the time the complaint with respect to that violation is filed or the hearing on the complaint is held." However, "[a]ny person who, while under eighteen years of age, commits an act that would be a felony if committed by an adult and who is not taken into custody or apprehended for that act until after the person attains twenty-one years of age is not a child in relation to that act." R.C. 2152.02(C)(3).

*Id.* at ¶ 12. We held that Lindstrom was a child pursuant to the plain language of the statute. In the instant case, D.R.B. was under 18 at the time of the act and therefore was a child pursuant to the plain language of the statute, R.C. 2152.02(C)(2).

**{¶22}** There is minimal case law on the issue of GAL entitlement under R.C. 2151.281(A)(1) and Juv.R. 4(A)(1). The majority of legal challenges have been based on R.C. 2151.181(A)(2) regarding when a guardian must be appointed in the event of a conflict between the child and the parent, legal guardian, or custodian.

---

[3]Division (C)(3), which does not apply in this case, provides that those who commit the act prior to 18 but are not taken into custody until they are after the age of 21 will not be considered a child.

**{¶23}** In *State v. Morgan*, 10th Dist. Franklin No. 13AP-620, 2014-Ohio-5661, the court considered whether the juvenile court committed reversible error by failing to appoint a GAL for a juvenile amenability hearing that is held to determine whether the juvenile will be tried as an adult. The court observed that it, as well as many Ohio courts, have addressed the question of entitlement to a GAL under R.C. 2151.281(A)(2), but not R.C. 2151.281(A)(1), the statute in issue:

> This court has never addressed the issue of whether the juvenile court's failure to comply with the mandates in R.C. 2151.281(A)(1) and Juv.R. 4(B)(1) is reversible error as a matter of law or whether an appellate court can review only for plain error where there is no objection to the trial court's failure to comply with the statute and rule.

*Morgan* at ¶ 18.

**{¶24}** In fact, the appellate districts diverge as to whether an objection is required in the lower court in order to warrant reversal. The Tenth District required that an objection be proffered and historically applied a plain error analysis under R.C. 2151.281(A)(2). The court found plain error in extremely rare cases where it could be demonstrated that the absence of the GAL, "seriously affects the basic fairness, integrity, or public reputation of the judicial process itself." *Id.* at ¶19.

**{¶25}** The court stated in its decision:

> Because appellant had no parent, guardian or legal custodian at the time of his amenability hearing, he falls within the provisions of R.C. 2151.281(A)(1) and Juv.R. 4(B)(1). Additionally, *because the statute and rule both use mandatory language for the appointment of a guardian ad litem in this situation, we agree with appellant that it was error for the trial court to fail to appoint a guardian ad litem.* See, e.g. *[In re] Smith*, [3d Dist. No. 14-05-33, 2006-Ohio-2788] ¶ 34-35 (concluding that "because R.C. 2151.281(A) and Juv.R. 4(B) are mandatory, *the juvenile court's failure to*

*appoint a guardian ad litem when these provisions are applicable would constitute reversible error*," but where the *appellant failed to object* to the absence of an appointed guardian ad litem, an appellate court will review only for plain error). We must next determine whether that error caused appellant to suffer prejudice sufficient to reverse on the basis of plain error.

(Emphasis added.) *Morgan* at ¶ 23.

{¶26} We do not agree that an objection to the failure to appoint a GAL is required to constitute reversible error. This court entertained the question of whether the failure to appoint a GAL due to a conflict of interest between appellant and her mother legal guardian under R.C. 2151.281(A)(2) was reversible error where appellant failed to object at the trial court in the case of *In re K.B.*, 170 Ohio App.3d 121, 2007-Ohio-396, 866 N.E.2d 66 (8th Dist.).

{¶27} K.B., 13 years of age, was charged with one count of knowingly using or operating a telephone without the consent of the owner, in violation of R.C. 2913.04(A), a misdemeanor of the first degree, and one count of burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree. The basis for both of these complaints was K.B.'s use of her mom's telephone without permission. *Id*. at ¶ 2.

{¶28} The mother attended the adjudication with K.B. where K.B. waived counsel and plead guilty. *Id.* at ¶ 3. She was sentenced to probation. K.B. violated her probation and attended the violation hearing with her mother and was represented by counsel. She admitted the violation and her probation was continued and psychological and psychiatric examinations were required. K.B. subsequently appeared at a review hearing with her mother and counsel. Her probation was continued.

**{¶29}** A few months later, K.B. appeared with her grandmother (her legal guardian) and case manager, waived counsel, admitted to the complaint, and was adjudicated delinquent. She was committed to the custody of the ODYS for six months. At no time during any of the proceedings from the initial complaint forward was a GAL requested by or appointed for K.B. *Id.* at ¶ 3-8.

**{¶30}** We held that the absence of an objection regarding the provision of a GAL "does not preclude a reversal due to the Juvenile Court's failure to appoint a GAL when required under R.C. 2151.281(A)(2) or Juv.R. 4(B)(2)." *Id.* at ¶ 12, quoting *In re Etter,* 134 Ohio App.3d 484, 492, 731 N.E.2d 694 (1st Dist.1998). Thus is our finding in this case.

**{¶31}** This court has also decided that the appointment of a GAL under R.C. 2151.281 and Juv.R. 4 are mandatory where required by statute. Both the statute and the rule provide that a court "shall" appoint a GAL under the listed circumstances. *In re Taylor*, 8th Dist. Cuyahoga No. 74257, 1999 Ohio App. LEXIS 2610, *3-5 (June 10, 1999); *In re Howell*, 77 Ohio App.3d 80, 92, 601 N.E.2d 92 (4th Dist.1991); *In re Slider*, 160 Ohio App.3d 159, 2005-Ohio-1457, 826 N.E.2d 356, ¶ 8-9 (4th Dist.).

**{¶32}** D.R.B. was 17 years of age at the time the act occurred. He was charged with rape under R.C. 2907.02(A)(1)(b), a first-degree felony if committed by an adult. Neither his mother nor his stepfather attended his hearings. The aunt who attended was not his guardian. Therefore, D.R.B. qualified as a child and is entitled to the appointment of a GAL as mandated by R.C. 2151.281(A)(1) and Juv.R. 4(B)(1).

**{¶33}** We further observe, as dicta, that D.R.B. may also have qualified for a GAL under R.C. 2151.281(A)(2) that requires that a GAL be appointed "if the court finds that there is a conflict of interest between the child and the child's parent, guardian, or legal custodian." *Id.* D.R.B.'s stepfather failed to attend hearings, except to testify against D.R.B. at the trial. The stepfather said that he knew the father of the victim, the father confronted him about the alleged behavior, and he took the father of the victim to the police station to initiate the complaint against D.R.B. Only D.R.B.'s aunt, who was not his legal custodian, attended the hearings. The record also reflects that during D.R.B.'s period of home detention, he was no longer residing in the family home but was living with his grandmother.

**{¶34}** We find that D.R.B. qualifies as a child under R.C. 2151.02(C)(2) and was entitled to the appointment of a GAL under R.C. 2151.281(A)(1) and Juv.R. 4(B)(1). "It is a cardinal rule of statutory construction that a statute should not be interpreted to yield an absurd result." *Lindstrom*, 8th Dist. Cuyahoga No. 96653, 2011-Ohio-6755, ¶ 29, quoting *State ex rel. Ohio Gen. Assembly v. Brunner,* 114 Ohio St.3d 386, 2007-Ohio-3780, 872 N.E.2d 912, ¶ 114. Therefore, we sustain D.R.B.'s first assignment of error. Our finding renders the remaining assignment of error moot.

**{¶35}** We reverse the trial court's judgment, and remand this cause for further proceedings consistent with this decision.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

TIM McCORMACK, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR