[Cite as *In re D.B.*, 2015-Ohio-4488.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 102163

**IN RE: D.B.**
A Minor Child

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL-14101162

**BEFORE:** Blackmon, J., Celebrezze, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** October 29, 2015

**ATTORNEYS FOR APPELLANT**

Timothy Young
Ohio State Public Defender

By: Sheryl Trzaska
Assistant State Public Defender
250 E. Broad Street
Suite 140
Columbus, Ohio 43215


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Jeffrey S. Schnatter
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1}    Appellant D.B. appeals the judgment by the juvenile court finding him delinquent by reason of committing two counts of rape and assigns the following two errors for our review:

> I.   The juvenile court committed plain error when it failed to appoint a guardian ad litem to protect D.B.'s interest when his parents or guardians were not present at his trial, in violation of R.C. 2151.28(A) and Juv.R. 4(B)(1).
>
> II.   The juvenile court violated D.B.'s right to due process when it adjudicated him delinquent of rape, when the evidence demonstrated that the incident was consensual, in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and Art. I, Section 16 of the Ohio Constitution.

{¶2}    After reviewing the record and relevant law, we reverse the trial court's decision and remand for a new trial. The apposite facts follow.

{¶3}    A complaint was filed in juvenile court against D.B. for two counts of kidnapping and four counts of rape.   The charges arose out of D.B. and a group of friends raping two teenage girls who had come to D.B.'s house to socialize.

{¶4}    The trial court found D.B. delinquent of two counts of rape and dismissed the remaining charges.   The trial court ordered a 12-month commitment on each charge to run concurrently.

### Failure to Appoint a Guardian Ad Litem

{¶5}    In his first assigned error, D.B. argues that the trial court erred by failing to appoint a guardian ad litem ("GAL") to represent his interests when his mother failed to appear for the second day of the adjudicatory hearing. The state concedes that the trial court erred, but maintains it was harmless or invited error.

{¶6}    Both R.C. 2151.281(A) and Juv.R. 4(B) mandate that a juvenile court appoint a GAL in certain circumstances.   R.C. 2151.281(A) provides:

The court shall appoint a guardian ad litem to protect the interest of a child in any proceeding concerning an alleged or adjudicated delinquent child or unruly child when either of the following applies:

(1) The child has no parent, guardian, or legal custodian.

(2) The court finds that there is a conflict between the child and the child's parent, guardian, or legal custodian.

**{¶7}** Juv.R. 4(B) provides:

The court shall appoint a guardian ad litem to protect the interests of a child or incompetent adult in a juvenile court proceeding when:

(1) The child has no parents, guardians, or legal custodian; [or]

(2) The interests of the child and the interests of the parent may conflict * * *.

**{¶8}** Because these provisions are mandatory, the failure of a court to appoint a GAL when these provisions require such an appointment constitutes reversible error. *In re D.R.B.*, 8th Dist. Cuyahoga No. 102252, 2015-Ohio-3346; *In re Howell*, 77 Ohio App.3d 80, 92, 601 N.E.2d 92 (4th Dist.1991); *In re Slider*, 160 Ohio App.3d 159, 2005-Ohio-1457, 826 N.E.2d 356, ¶ 8-9 (4th Dist.2005).

**{¶9}** A review of the transcript indicates that D.B.'s mother attended the first day of the adjudicatory hearing, but failed to appear for the second day of the hearing. She did appear, however, for the closing arguments and the disposition hearing. It appears there was a breakdown in the relationship between D.B. and his mother, because on the second day of the adjudicatory hearing, D.B.'s counsel advised the court that D.B. was no longer welcome at his mother's home; therefore, an alternative to home detention had to be determined by the court.

**{¶10}** When the court was told that D.B. was 18, no further discussion regarding a GAL was had regarding D.B. D.B.'s date of birth is May 16, 1995; therefore, although counsel told the court D.B. was 18 years old, he was really 19 years old.

**{¶11}** Although D.B. was 19 at the time of trial, he was 17 at the time he committed the rapes. Recently, this court in *D.R.B.,* 8th Dist. Cuyahoga No. 102252, 2015-Ohio-3346, extensively analyzed whether a juvenile who has reached the age of 18 is still entitled to the appointment of a GAL. We concluded that based on R.C. 2152.02(C)(2), if the child has committed the offense when under the age of 18, the appointment of a GAL is still required when the child has attained the age of 18 prior to the final adjudication. *D.R.B.* at ¶ 21. Therefore, merely because D.B. was 19 at the time of the hearing, did not absolve the trial court from the duty to appoint D.B. a GAL due to the absence of a parent or guardian at the proceeding.

**{¶12}** The state argues that the trial court's failure to appoint a GAL was harmless error because the mother was absent when the trial was ongoing; therefore, a GAL was not necessary because D.B. had no critical decisions to make at this time.

**{¶13}** In *D.R.B.,* this court, relying on *In re K.B.*, 170 Ohio App.3d 121, 2007-Ohio-396, 866 N.E.2d 66 (8th Dist.), rejected a harmless error analysis because the provisions of R.C. 2151.281(A) and Juv.R. 4(B) are mandatory. *Id.* at ¶ 25, 26, 30, 31. The rule does not provide for any exceptions to the juvenile court's mandatory duty. Moreover, it is not unheard of for a plea to be offered during the midst of trial.

**{¶14}** The state also urges us to find that the error was invited because D.B.'s counsel did not object to the failure of the court to appoint a GAL and instructed the court that his client was 18. The following colloquy occurred regarding the absence of D.B.'s mother and his codefendant's, D.C.'s, mother:

[D.C.'s counsel]: My child's mother or guardian, parent, nobody is here.

Court: How old is your client?

[D.C.'s counsel]: 17.

| Court: | All right. |
|---|---|
| [D.C.'s counsel]: | I can serve in a dual capacity, your honor. |
| Court: | Are you comfortable with that? |
| [D.C.'s counsel]: | Yes. |
| Court: | Okay. [Defense counsel], your client's brother is here, is that right? He's 18? |
| [D.B.'s counsel]: | No. My client's 18. |
| Court: | Right. |
| [D.B.'s counsel]: | His brother is 17. |

Tr. 239-240.

{¶15} After this, the court asked D.B.'s brother why he is not in school, and then asked him if the parties were ready to proceed, and both of the attorneys stated they were ready. Under these circumstances, we cannot find that D.B.'s attorney engaged in invited error. The doctrine of invited error holds that a litigant may not "take advantage of an error which he himself invited or induced." *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co.*, 28 Ohio St.3d 20, 502 N.E.2d 590 (1986), paragraph one of the syllabus. The record does not show that defense counsel "induced" or was actively responsible for the trial court's error. Counsel did not state that a GAL was not necessary or engage in any discourse to induce the court to not appoint a GAL. It appears he erroneously thought one was not necessary. However, this does not excuse the juvenile court, which has the mandatory duty to appoint a GAL. Once the mother failed to appear, the trial court should have been on alert that it had a duty to appoint a GAL.

{¶16} Accordingly, because it is undisputed that D.B. did not have a parent or legal guardian present on the second day of the adjudicatory hearing, the trial court erred by not appointing a GAL to represent D.B.'s interest. D.B.'s first assigned error is sustained.

{¶17} Our resolution of D.B.'s first assigned error renders his second assigned error moot. *See* App.R. 12(A)(1)(c).

{¶18} Judgment reversed and remanded for a new trial.

It is ordered that appellant recover from appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Juvenile Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, J., CONCURS;
FRANK D. CELEBREZZE, JR., A.J., CONCURS
IN JUDGMENT ONLY