[Cite as *In re D.F.*, 2017-Ohio-7307.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN RE: D.F.

JUDGES:
Hon. Patricia A. Delaney, P.J.
Hon. William B. Hoffman, J.
Hon. Earle E. Wise, Jr., J.

Case No. 2016CA0015, 2016CA0016

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Coshocton County Court of Common Pleas, Juvenile Division |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | August 21, 2017 |
| APPEARANCES: | |

For Appellee

For Appellant

BENJAMIN E. HALL
Coshocton County Prosecutor's Office
Assistant Prosecuting Attorney
318 Chestnut Street
Coshocton, Ohio 43812

CHARLYN BOHLAND
The Office of the Public Defender
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215

*Hoffman, J.*

**{¶1}** D.F., a juvenile at the time of the offenses, appeals his adjudication, disposition, serious youthful offender classification, and adult sentence entered by the Coshocton County Court of Common Pleas, Juvenile Division. Appellee is the state of Ohio.

## STATEMENT OF PROCEEDINGS[1]

**{¶2}** On January 17, 2014, the State filed a Bill of Information alleging D.F. committed two counts of rape, felonies of the first degree, in violation of R.C. 2907.02(A)(1)(b), with each charge carrying an attendant serious youthful offender specification, pursuant to R.C. 2152.11(D)(2)(b); and one count of gross sexual imposition, a third degree felony, in violation of R.C. 2907.05(A)(4).

**{¶3}** Appellant's date of birth is October 18, 1995, and the offenses were alleged to have occurred between December 3, 2009 and January 16, 2013.

**{¶4}** On January 17, 2014, Appellant entered an admission to the charges. The matter proceeded to disposition on January 30, 2014. The juvenile court committed Appellant to the Ohio Department of Youth Services for a minimum of two years and six months, maximum of up to Appellant's twenty-first birthday. Pursuant to the serious youthful offender specifications and R.C. 2152.11(D)(2)(b), the court imposed a suspended adult sentence of fifteen years to life on each count of rape, to be served concurrently.

---

[1] A full rendition of the underlying facts giving rise to Appellant's adjudication, disposition and sentence is unnecessary for resolution of the appeal.

**{¶5}** Based upon Appellant's conduct while committed to DYS[2], on December 23, 2015, the State moved to invoke the suspended adult sentence under the serious youthful offender specification. On October 4, 2016, the trial court conducted a hearing, and imposed the previously suspended adult term of fifteen years to life. The trial court on the same date held a hearing and imposed a juvenile disposition regarding classification.  The court classified Appellant a Tier III, Public Registry Qualified Juvenile Offender Registrant (PRQJOR), pursuant to R.C. 2152.86. The parties and the trial court acknowledged all juvenile dispositions terminated upon the imposition of an adult sentence, but "waived any defect to this juvenile dispositional order and…affirmed its intention for this juvenile order to survive the adult sentence."  (10/5/2016 Judgment Entry) Counsel for Appellant did not object to the sentence or classifications.

**{¶6}** Appellant appeals, assigning as error,

I. THE JUVENILE COURT ERRED WHEN IT FAILED TO APPOINT A GUARDIAN AD LITEM TO PROTECT D.F.'S BEST INTERESTS, IN VIOLATION OF R.C. 2151.281(A)(1) AND JUV. R. 4(B)(1).

II. THE MANDATORY SENTENCING SCHEME IN R.C. 2971.03 IS UNCONSTITUTIONAL BECAUSE IT DOES NOT PERMIT THE TRIAL COURT TO MAKE AN INDIVIDUALIZED DETERMINATION ABOUT D.F.'S SENTENCE OR THE ATTRIBUTES OF HIS YOUTH, IN VIOLATION OF HIS RIGHT TO BE FREE FROM CRUEL AND UNUSUAL

---

[2] A State Trooper conducted an investigation into Appellant's conduct while at DYS, and substantiated sexual conduct occurred between Appellant and another DYS resident. 6/24/2016 Transcript, p. 207.

PUNISHMENT, AS GUARANTEED BY THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION, AND ARTICLE I, SECTION 9, OHIO CONSTITUTION.

III. THE JUVENILE COURT ERRED WHEN IT CLASSIFIED D.F. AS A PUBLIC REGISTRY QUALIFIED JUVENILE OFFENDER REGISTRANT (PRQJOR), PURSUANT TO R.C. 2152.86, IN VIOLATION OF IN RE C.P., 131 OHIO ST.513, 2012-OHIO-1446, 967 N.E.2D 729, ¶86.

IV. THE JUVENILE COURT ERRED WHEN IT CLASSIFIED D.F. TO AN ADULT TIER III REGISTRATION, PURSUANT TO THE ADULT STATUTES, IN VIOLATION OF R.C. 2152.82, 2152.83, 2152.84, 2152.85, AND 2950.01(G), (M).

V. D.F. WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; AND, ARTICLE I, SECTION 10, OHIO CONSTITUTION.

## I.

**{¶7}** The question of whether R.C. 2151.281(A)(1) and Juv.R. 4(B)(1) impose a mandatory duty upon the court to appoint a GAL, and whether the court failed to discharge that duty, constitutes a mixed question of law and fact and is subject to de novo review. *State v. Lindstrom,* 8th Dist. Cuyahoga No. 96653, 2011–Ohio–6755, ¶ 20; *M6 Motors, Inc. v. Nissan of N. Olmsted, L . L.C.,* 2014–Ohio–2537, 14 N.E.3d 1054, ¶ 48 (8th Dist.) ("Statutory interpretation is a question of law that we review de novo.") De novo review

means the appellate court independently reviews the record and affords no deference to the trial court's decision. *B.P. Communications Alaska, Inc. v. Cent. Collection Agency,* 136 Ohio App.3d 807, 812, 737 N.E.2d 1050 (8th Dist.2000).

{¶8}    R.C. 2151.281(A) provides,

(A) The court shall appoint a guardian ad litem, subject to rules adopted by the Supreme Court, to protect the interest of a child in any proceeding concerning an alleged or adjudicated delinquent child or unruly child when either of the following applies:

(1) The child has no parent, guardian, or legal custodian.

(2) The court finds that there is a conflict of interest between the child and the child's parent, guardian, or legal custodian.

{¶9}    Ohio Rule of Juvenile Procedure 4 reads,

(B) Guardian ad Litem; When Appointed**.** The court shall appoint a guardian *ad litem* to protect the interests of a child or incompetent adult in a juvenile court proceeding when:

(1) The child has no parents, guardian, or legal custodian;

(2) The interests of the child and the interests of the parent may conflict;

(3) The parent is under eighteen years of age or appears to be mentally incompetent;

(4) The court believes that the parent of the child is not capable of representing the best interest of the child.

(5) Any proceeding involves allegations of abuse or neglect, voluntary surrender of permanent custody, or termination of parental rights as soon as possible after the commencement of such proceeding.

(6) There is an agreement for the voluntary surrender of temporary custody that is made in accordance with section 5103.15 of the Revised Code, and thereafter there is a request for extension of the voluntary agreement.

(7) The proceeding is a removal action.

(8) Appointment is otherwise necessary to meet the requirements of a fair hearing.

**{¶10}** The Eighth District addressed the issue raised herein in *In re DRB*, No. 1002252, 2015-Ohio-3346. DRB was eighteen years of age at the time the complaint was filed on February 1, 2013. The complaint alleged two acts of rape occurred when DRB was seventeen years-old. At all hearings, Appellant was represented by counsel, and an aunt, who was not a legal custodian attended. The Eighth District held,

Inquiries were properly made by the trial court during the proceedings as to whether a parent was in attendance. However, observing that D.R.B. was 18 years old, subsequently 19 years old, at the hearings and that an aunt was in attendance, there appeared to be an assumption

by the court, state, and defense counsel that no parent or legal guardian needed to be present.

The parties agree that a GAL shall be appointed to represent a "child" in juvenile court delinquency and unruliness proceedings as provided by statute. Therefore, the pivotal issue is whether D.R.B. qualifies as a child by law and is so entitled. We preface our analysis by clarifying that the question before us is whether D.R.B. qualifies as a child under the applicable delinquency and related statutes, and not the unruliness statute [footnote omitted] as cited by the state.

In interpreting a statute, we have held that "the word 'shall' is mandatory. The General Assembly is presumed to mean what it said." *San Allen v. Buehrer,* 2014–Ohio–2071, 11 N.E.3d 739, ¶ 81 (8th Dist.); *Smith v. Leis,* 106 Ohio St.3d 309, 2005–Ohio–5125, 835 N.E.2d 5, ¶ 62; *In re A.G.B.,* 173 Ohio App.3d 263, 2007–Ohio–4753, 878 N.E.2d 49, ¶ 13 (4th Dist.).

\*\*\*

The definition of "child" under Sup.R. 48 governing GALs includes a person under 18 years of age, or a person who is older than 18 years of age who is deemed a child until the person attains 21 years of age under R.C. 2152.02(C) of the Revised Code, and Sup.R. 48(B)(2)(a) and (b). In addition, Juv.R. 4(B)(1) provides, in pertinent part, that a court "shall" appoint a GAL to protect the interests of a "child" in a juvenile court

proceeding when the child has no parents, guardian or legal custodian. (*Compare* R.C. 2151.281(A)(1)).

Under R.C. 2152.02(C)(1), a delinquent child is defined as, "a person who is under eighteen years of age, except as otherwise provided in divisions (C)(2) to (8) of this section." *Id.* R.C. 2152.02(C)(2) through (8) provide the exceptions to the rule. R.C. 2152.02(C)(2) applies:

(2) Subject to division (C)(3) of this section, any person who violates a federal or state law or a municipal ordinance prior to attaining eighteen years of age shall be deemed a "child" irrespective of that person's age at the time the complaint with respect to that violation is filed or the hearing on the complaint is held.

*Id. [footnote omitted.]*

\*\*\*

We do not agree that an objection to the failure to appoint a GAL is required to constitute reversible error.

\*\*\*

This court has also decided that the appointment of a GAL under R.C. 2151.281 and Juv.R. 4 are mandatory where required by statute. Both the statute and the rule provide that a court "shall" appoint a GAL under the listed circumstances. *In re Taylor,* 8th Dist. Cuyahoga No. 74257, 1999 Ohio App. LEXIS 2610, *3–5, 1999 WL 378355 (June 10, 1999); *In re Howell,* 77 Ohio App.3d 80, 92, 601 N.E.2d 92 (4th Dist.1991); *In re Slider,* 160 Ohio App.3d 159, 2005–Ohio–1457, 826 N.E.2d 356, ¶ 8–9 (4th Dist.).

D.R.B. was 17 years of age at the time the act occurred. He was charged with rape under R.C. 2907.02(A)(1)(b), a first-degree felony if committed by an adult. Neither his mother nor his stepfather attended his hearings. The aunt who attended was not his guardian. Therefore, D.R.B. qualified as a child and is entitled to the appointment of a GAL as mandated by R.C. 2151.281(A)(1) and Juv.R. 4(B)(1).

**{¶11}** In *In re CW,* 4th Dist. No. 10CA892, 2010-Ohio-5633, the Fourth District addressed this issue. After C.W. entered an admission to two counts of rape, the Adams County Common Pleas Court, Juvenile Division adjudicated him a delinquent child and committed him to the custody of the Ohio Department of Youth Services ("DYS"). Upon his release from DYS custody, the court classified C.W. as a Tier III juvenile sex offender. C.W. was nineteen years of age at the time of the classification hearing.

**{¶12}** The Fourth District held C.W. qualified as a "child" within the meaning of the rule and the hearing constituted a "juvenile court proceeding," despite C.W.'s attaining the age of nineteen at the time of the hearing. Even if C.W. had a parent, guardian, or legal custodian (at the time of the hearing), that person was never notified of the hearing and thus did not appear to protect C.W.'s interests. Therefore, the court should have appointed a guardian ad litem.

**{¶13}** As these statutes are mandatory, the failure of a court to appoint a guardian ad litem when these provisions require such an appointment constitutes reversible error. *In re Spradlin* 140 Ohio App.3d 402, 747 N.E.2d 877 (2000). Further, the absence of an objection does not preclude a reversal due to the juvenile court's failure to appoint a

guardian when required under R .C. 2151.281(A)(2) or Juvenile Rule 4(B). *In re K.B.,* 170 Ohio App.3d 121, 866 N.E.2d 66, 2007–Ohio–396, citing *In re Etter,* 134 Ohio App.3d 484, 731 N.E.2d 694 (1998).

**{¶14}** D.F. was represented by counsel at all proceedings before the trial court. R.C. 2151.281(H), and Juv. R. 4(C) permit an attorney to serve both as counsel and as guardian ad litem for a child in a juvenile court proceeding, provided the court makes an explicit dual appointment and no conflicts arise in the dual representation. Here, the court did not order dual representation.  Appellant's sister attended the hearings, but was not found to be a guardian or legal custodian nor otherwise designated as such.

**{¶15}** At the time Appellant entered admissions to the charges, he was eighteen years of age.  At the time of the dispositional hearing and classification hearing he was 20 years of age. We find the trial court should have appointed a guardian ad litem during the proceedings herein, and such constitutes reversible error.

**{¶16}** Accordingly, we sustain Appellant's first assignment of error, and remand the matter to the juvenile court for further proceedings in accordance with the law and this opinion.

II.

**{¶17}** In the second assignment of error, Appellant maintains the sentencing scheme under R.C. 2971.03 is unconstitutional as the statute does not allow the trial court discretion as to the sentence or consideration of the juvenile's age.

**{¶18}** Recently, the Ohio Supreme Court addressed the issue raised herein in *State v. Anderson,* _____ N.E.3d _____, 2017-Ohio-5156 (July 5, 2017). The Court held,

We conclude, therefore, that a mandatory three year prison sentence imposed on a juvenile offender tried as an adult for a conviction of a firearm specification does not violate the Eighth Amendment because it serves a legitimate penological goal, is proportional to the crimes committed, and is not one of the harshest possible penalties for a juvenile offender.

**{¶19}** Pursuant to the Ohio Supreme Court's holding in *Anderson*, supra, Appellant's second assignment of error is overruled.

III., IV. and V.

**{¶20}** Pursuant to our analysis and disposition of Appellant's first assigned error, we find Appellant's third, fourth and fifth assigned errors are premature. The issues raised therein may be raised on remand.

**{¶21}** Appellant D.F.'s adjudication in the Coshocton County Court of Common Pleas, Juvenile Division, is reversed and the matter is remanded to that Court for further proceedings in accordance to law and this Opinion.

By: Hoffman, J.

Delaney, P.J. and

Wise, Earle, J. concur